Filed Feb. 24, 1887.

No. 12,727.

DILL ET AL. *v.* LAWRENCE. ·

PRACTICE.—*Misconduct of Juror.*—*Hearing on Affidavits.*—*Supreme Court.*— Where a question as to the misconduct of a juror is presented by affidavits and counter-affidavits, the decision of the trial court thereon will not be disturbed on appeal.

PRINCIPAL AND SURETY.—*Bond for Performance of Work.*—*Damages.*—*Penalty.*—The sureties in a bond given to secure the performance of work undertaken by their principal are liable for the actual damages sustained by the obligee, but not for a penalty which the principal separately agrees to forfeit in case he fails to perform the work as stipulated.

SAME.—*Liquidated Damages.*—The law ordinarily regards a general sum stated in a bond as a penalty, and will allow a recovery only for actual damages. If the sum is fixed as liquidated damages it must so appear, either from the intent of the parties as expressed in the entire instrument, or from express words.

From the Huntington Circuit Court.

*B. M. Cobb* and *C. W. Watkins,* for appellants.

*J. C. Branyan, M. L. Spencer, R. A. Kaufman* and *W. A. Branyan,* for appellee.

ELLIOTT, C. J.—The appellants charged one of the jurors who tried the case with misconduct, and filed affidavits in support of their charge. Counter affidavits were filed by the appellee, and the issue of fact thus presented was decided adversely to the appellants.

A settled rule forbids us to disturb that decision. *Doles* v. *State,* 97 Ind. 555, and cases cited; *Luck* v. *State,* 96 Ind.

16; *Shields* v. *State,* 95 Ind. 299; *Catterlin* v. *City of Frankfort,* 87 Ind. 45; *Elliott* v. *State,* 73 Ind. 10.

The complaint is on a bond executed by the appellants to secure the performance of work undertaken by one of them, Jacob Dill, and reads thus : " Know all men by these presents, that we, George W. Sloan and John W. Luckey, of Huntington county and State of Indiana, are held and firmly bound to Philip Lawrence in the sum of six hundred dollars, for the payment of which we do jointly and severally bind ourselves in the following condition of this obligation, for that: Whereas, Jacob Dill has taken a job of ditching of Philip Lawrence (see contract on first page), to be fully completed by the 31st day of October, 1882 : Now, if said Jacob Dill shall faithfully do and finish said ditch against the above date, then this bond to be void, otherwise in full force." In the contract referred to in this bond is the following stipulation : " I, Jacob Dill, of the second part, agree to take and do the work to completion on the above named ditch against the 31st day of October, 1882, according to the above described and specified articles and specifications therein, or I will forfeit one hundred dollars thereon."

The bond is clumsily drawn, and, like most instruments prepared by unskilled persons, is, in many respects, obscure and confused, but we think it is quite clear that the sureties do not undertake to pay the penalty specified in the contract between Dill and Lawrence.

The terms used in stating the contingency in which Dill shall pay one hundred dollars, constitute the stipulation a penalty, and it can not, therefore, be regarded as an agreement that the sum specified shall be taken as a provision for liquidated damages. The word " forfeit" very clearly shows, as does the entire theory of the contract, that the one hundred dollars was stated as a penalty. *Carpenter* v. *Lockhart,* 1 Ind. 434; *Hamilton* v. *Overton,* 6 Blackf. 206.

We do not doubt that parties may by agreement fix upon

a certain sum as liquidated damages; but, where the sum is so fixed, it must appear either from the intent of the parties as expressed in the entire instrument, or from express words, that the sum was fixed as liquidated damages.   The law ordinarily regards a general sum stated in a bond as a penalty, and will allow only a recovery of the damages actually sustained.   *Prima facie*, the sum stated is a mere penalty.   *Shute* v. *Taylor*, 5 Met. 61; *Wallis* v. *Carpenter*, 13 Allen, 19; *Cheddick* v. *Marsh*, 21 N. J. L. 463; *Baird* v. *Tolliver*, 6 Humph. 186; *Spear* v. *Smith*, 1 Denio, 464; 3 Parsons Contracts, 156.

It is doubtful whether more than a nominal recovery could be had against Dill for failure to complete the work within the time specified, without evidence of actual damages; but however that may be, it is clear that no recovery can be had against the sureties for more than the actual damages resulting from a breach of the contract.   The reason for this conclusion is obvious.   They have not undertaken to pay any penalty; their undertaking was that Dill should complete the work by the 31st day of October, 1882.   They did not undertake to pay any penalty that he might forfeit, and, as they occupy the favored position of sureties, their contract can not be extended by construction or implication.   If Dill did not complete his contract at the time stipulated, they are liable for the damages sustained, but not for the penalty their principal agreed to forfeit.

The reference made by the bond to the contract between Dill and Lawrence was for the purpose of indicating the work which he was to do, and may be looked to for the purpose of determining the scope of the undertaking of the sureties, but it can not control the undertaking so clearly expressed in the bond executed by them as to impose upon them a liability for the penalty which their principal agreed to forfeit in case he failed to perform the work within the time stipulated in his contract.

The court erred in instructing the jury that they might assess the penalty against the appellants.

Judgment reversed.

Filed Feb. 19, 1887.