Filed Jan. 12, 1889.

---

No. 13,462.

DEFORD v. DEFORD.

ARBITRATION AND AWARD.—*Objection.*—*Evidence.*—Objections to an award must be on the statutory grounds, and then the court may hear evidence pertinent thereto, but where there is conflicting evidence the conclusion reached will not be disturbed on appeal.

SAME.—*Power of Court to Correct.*—The extent of the power of the court under section 846, R. S. 1881, is to correct a miscalculation of figures that is evident upon the face of the award, considered in connection with the submission and the admissions of the parties made therein or in connection therewith, or to correct such other obvious mistakes in reference to the description of any person or thing referred to, or in respect to the matters submitted, or the form of the award, as appear upon the face of the papers.

From the Marion Superior Court.

*J. B. Black, W. V. Rooker* and *O. S. Hadley*, for appellant.
*W. W. Woollen*, for appellee.

MITCHELL, J.—In April, 1871, John A. Deford, claiming to be the owner of a stationary steam saw-mill, instituted a

suit in replevin in the Marion Superior Court against one Urban. He obtained possession of the property by executing a replevin bond, with George · W. Deford as surety. The saw-mill was turned over to the latter, as indemnity against loss on account of his having signed the bond as above mentioned. After much litigation, judgment was finally rendered in favor of Urban, awarding him the return of the mill, and assessing his damages at $600. Pending the litigation, George W. Deford, who had possession of the property in dispute as above stated, sold it, without the knowledge or consent of John A. Deford, taking in payment of the purchase-price secured notes amounting to $1,000. These notes were afterwards turned over to, and collected by, John A. Deford. George W., who had used the mill for some time before he sold it, also paid off the $600 judgment recovered by Urban against John A., besides paying some other expenses growing out of the litigation. Subsequently a dispute arose between the Defords as to the state of the account between them growing out of the above mentioned transactions. The matters in dispute were submitted, in writing, to arbitration, with an agreement that the award when duly rendered should be made a rule of the Marion Superior Court, and judgment entered thereon accordingly.

On the 19th day of June, 1885, two of the three arbitrators submitted their award, in writing, in which they returned that George W. Deford was indebted to John A. in the sum of $800, which sum they awarded the latter, with interest from date, to be paid within sixty days from date.

George W. Deford afterwards appeared in court and moved to vacate and set aside the award, alleging for cause against the rendition of judgment thereon, that the arbitrators refused to hear material evidence offered by the objector, that they were guilty of misconduct in refusing to be governed by the evidence, and in deciding contrary to the weight of the evidence, and that the arbitrators exceeded their power and

Deford *v.* Deford.

authority in various specified ways.   Affidavits and counter-affidavits were filed and duly considered by the court.

After being fully advised, the court overruled the motion to vacate and set aside the award.

The grounds upon which the rendition of a judgment upon an award may be resisted are specifically set out in section 845, R. S. 1881.

These are, in effect, that the award was obtained by fraud, corruption, partiality or other undue means; that the arbitrators were guilty of misconduct in refusing to postpone the hearing upon sufficient cause, or in refusing to hear evidence pertinent to the controversy, or misbehaving in any other way to the prejudice of the party complaining, or that they exceeded, or so imperfectly executed their powers as that a final award was not made.

Some of the objections specified in the motion are not within the statutory grounds, and were, therefore, not proper subjects for consideration.   An award which is good upon its face can not be impeached except for causes enumerated in the statute.   It is not competent for the court to inquire by extrinsic evidence into the merits of the case or the justice of the award, or whether or not the arbitrators decided according to the weight of the evidence, or observed the technical rules of law, strictly, in hearing, or refusing to hear, evidence.

This would be, in effect, to try the matters in controversy over again.   The court may, however, hear evidence pertinent to the statutory grounds of objection, which may have been specifically and particularly charged in the motion. These are to be disposed of summarily without the aid of a jury, but the court will not consider whether the award was wise or unwise.   *Bumpass* v. *Webb*, 29 Am. Dec. 274.

As we have seen, there were affidavits and counter-affidavits in support of and against the several grounds alleged for setting aside the award.   The court having, upon consideration of the evidence, reached a conclusion adverse to the

motion, since there was conflicting evidence, the conclusion so reached will not be disturbed on appeal.    The rule applicable when misconduct of jurors is alleged controls in a case like the present. *Dill* v. *Lawrence*, 109 Ind. 564, and cases cited.

The appellant also moved the court to modify and correct the award, because of an alleged evident miscalculation of figures, and because the award was imperfect in form.    Affidavits and counter-affidavits in support of and against the motion were filed, and upon due consideration this last motion was also overruled.

The power of the court to modify or correct an award for an obvious or evident miscalculation of figures, or when the arbitrators have awarded upon some matter not included in the submission, or when the award is imperfect in form, is expressly given by statute.    Section 846, R. S. 1881.

In the consideration of a motion to modify or correct the court will be limited to what appears upon the face of the submission and the award.    The extent of the power of the court under the latter section is to correct a miscalculation of figures that is evident upon the face of the award, considered in connection with the submission, and the admissions of the parties made therein or in connection therewith, or to correct such other obvious mistakes in reference to the description of any person or thing referred to, or in respect to the matters submitted, or the form of the award, as appear upon the face of the papers.

There is no miscalculation of figures evident on the face of the award, nor is there any imperfection in the form of the award specified in the motion.  A general averment is not sufficient. The appellant can not complain that sixty days' time was given him to make payment of the amount awarded against him.  There was hence no error in overruling the motion to modify.

The judgment is affirmed, with costs.

ELLIOTT, C. J., took no part in the consideration of this cause.
Filed Jan. 12, 1889.