No. 659.

## THE STATE, EX REL. RICHARDS, *v.* TAYLOR.

NEW TRIAL.—*Motion for.—Objection to Statements of Counsel to Jury.—No Exceptions Taken to Action of Court.*—Where opposing counsel objected to statements made in the course of argument, but there was no exception taken to the action of the court in relation thereto, a motion for a new trial based upon such statements and action of the court was properly overruled.

JURY.—*Challenge for Cause.—Overruling of.—When not Error.*—There is no error in overruling a challenge to one called as a juror, based upon the ground that such person occupied the same rooms as an office which were occupied by opposing counsel.

PRACTICE.—*Deposition.—Sustaining Motion to Strike Out.—Harmless Error.*—Where error is assigned because of the sustaining of a motion by the court to strike out certain parts of a deposition, and the bill of exceptions shows in one place that a motion to strike out such parts of the deposition was sustained, and in another place that such parts, with all the other parts of the deposition, were read in evidence to the jury, there is nothing to show that such ruling worked any harm, and it is, therefore, no ground for a reversal, even if wrong.

NEW TRIAL.—*Motion for.—Newly-Discovered Evidence.—What Motion Must Show*—An application for a new trial on the ground of newly-discovered evidence is not regarded with favor, and to be available the appellant must show to the court that he used due diligence to discover the evidence in time to use it on the trial, and a mere statement that such diligence was exercised is not sufficient, but he must set forth facts constituting it.

SAME.—*Statements Made by Witness After Trial not Ground for New Trial.*—Statements made by one of appellee's witnesses after trial to the effect that he had received money for testifying in the case is not sufficient ground for a new trial.

From the Bartholomew Circuit Court.

*W. H. Everroads, J. F. Cox* and *W. L. Cox,* for appellant.
*J. C. Orr, M. Hacker* and *C. F. Remy,* for appellee.

BLACK, J.—This was a prosecution under the statute relating to bastardy. A verdict in favor of the appellee having been returned, the appellant filed a motion for a new trial, which was overruled. From the judgment thereupon rendered an appeal was taken to the Supreme Court, from which the cause has been transferred to this court.

The appellee's attorney in his opening statement to the jury used the following language : " This cause was tried before the city mayor, and he found the defendant not guilty, and this case is now pending in this court on an appeal by this relatrix, Della Richards, from that decision." To this statement the appellant at the time excepted, and called the court's attention thereto ; whereupon the court told said attorney, in the presence of the jury, that said statement was improper, and told the jury that they should not consider said statement of counsel, and " that they had nothing to do with the question of how the case came into this court, nor how it was decided in the mayor's court, nor should they be influenced by such decision in any manner whatever."

No exception was taken to any action of the court relating to these remarks of counsel, and nothing further was said or done upon the trial by either party concerning this matter.   The making of the statement by the attorney, and not any ruling of the court in the premises, was assigned as cause in the motion for a new trial.

It is so well settled by the decisions that there was no available error in the refusal of the court to grant a new trial for this cause, that we need not discuss the subject.  *Leach* v. *Ackerman*, 2 Ind. App. 91; *Mainard* v. *Reider*, 2 Ind. App. 115; *City of Evansville* v. *Thacker*, 2 Ind. App. 370.

When the jury was being empanelled, one George Caldwell, called as a juror, upon his examination under oath as to his qualifications, stated that he was an insurance man: and that his insurance office was in the same rooms occupied by Hacker & Remy as a law office.   No other connection or relation between said Hacker & Remy and said juror was shown.   He stated that he had not formed or expressed an opinion in regard to the merits of the cause.   The record shows a firm named Hacker & Remy among the attorneys representing the appellee as counsel in the cause.   There was no error in overruling the appellant's challenge of said juror based merely upon the ground that his insurance office

was in the same rooms occupied by Hacker & Remy as a law office.

One cause assigned in the motion for a new trial was the sustaining of the appellee's motion to strike out certain parts of the deposition of a person named, being part of an answer to a question, and all of another question and the answer thereto.

In the bill of exceptions it appears in one place that a motion to strike out such parts of the deposition was sustained, and in a subsequent portion of the bill it appears that said parts of the deposition, with all the other parts thereof, were read in evidence to the jury. It thus appears that the appellant was not harmed by this action of the court.

Another ground (numbered the sixth) for a new trial assigned in the motion was alleged newly-discovered evidence. An application for a new trial for such reason is not to be looked upon with favor by the court. On the contrary it must be carefully scrutinized and regarded with distrust. The applicant must show very clearly and satisfactorily, not merely that he failed to discover the alleged evidence in time to use it upon the trial, but also such facts that the court may determine therefrom as a matter of law that he exercised due diligence to discover the evidence in time to use it on the trial. To show such diligence it is not sufficient to state generally that he exercised diligence but he must set forth the facts constituting it. It is not enough to state in his affidavit that he made diligent inquiry, but he should state the time, place and circumstances of the making of inquiry, and it should appear that he made the inquiries in the proper quarter and at the proper time. If it be attempted to show an excuse for not making inquiries, the excuse should be reasonable, and such as entirely to exclude negligence on the part of the applicant, and the court must have before it such facts as excuse and justify the inactivity. *Hines* v. *Driver*, 100 Ind. 315 ; *Allen* v. *Bond*, 112 Ind. 523 ;

The State, *ex rel.* Richards, *v.* Taylor.

*Pemberton* v. *Johnson*, 113 Ind. 538; *Ward* v. *Voris*, 117 Ind. 368; *Schnurr* v. *Stults*, 119 Ind. 429.

Tested by these well-established rules, the affidavits filed in support of this cause for a new trial were insufficient.

Another cause (the seventh) stated in the motion, with the affidavits in support thereof, was to the effect that one Preston Shaw would swear, on another trial, that one Charles Chrisman, who was a witness for the appellee, stated the next day after the trial, in the presence of said Shaw, that he, said Chrisman, "had been attending court in Dell's case, and that he had made fifteen dollars out of it, and that he could have gotten another fellow into making something out of it but he thought he had better not try it;" also, that the relatrix had learned since the trial that said Chrisman had so stated.

We think it needs no argument or citation of authorities to show that there was no error in holding this to be an insufficient ground for a new trial.

Objections are urged in argument to some of the court's instructions to the jury, the giving of which was assigned as cause for a new trial, and it is insisted that certain instructions asked by the appellant and refused should have been given, the refusal of which also was assigned as cause in the motion.

We have examined with care all the instructions given and those refused, as shown by the record, and we do not find any substantial error.

The judgment is affirmed.

Filed May 27, 1892.