Lotz, J.
The appellant and appellee were partners engaged in buying and selling live stock. Certain differences arose between them concerning their partnership business. They selected three persons to arbitrate the differences existing between them. It was agreed .that the report of the arbitrators should be made a rule of the Howard Circuit Court. The arbitrators awarded the appellee the sum of $718.86.
When the report was filed in the circuit court the appellant appeared and moved to modify and correct said award, and filed six separate exceptions thereto.
The appellee moved to strike out these exceptions.
The court overruled the motion as to the first and sustained it as to all the others.
The appellant assigns these adverse rulings as error, and the appellee assigns as a cross-error the overruling of the motion as to the first exception.
In the second exception the appellant alleged that the arbitrators, in making their award, and in the consideration of the matters submitted to them, made a miscalculation of the figures and proof offered as to an item of $300, giving the same no consideration whatever, which item of $300 was received in the way of cash by the appellee, and of and from the appellant at the town of Galveston, Cass county, Indiana, on the 15th day of April, 1892; that in the addition and calculation of figures and the matters of difference, said arbitrators either forgot to allow appellant credit for said item or made a miscalculation of the same to that extent, and for which the appellant was entitled to credit.
The third exception is similar in character to the se« *428 ond, and embraces two items, one of $206.65 and the other of $21.75.
The fourth exception proceeds upon the same theory as to an item of $252.25.
The fifth proceeds in the same manner as to an item of $450.
The sixth simply sets forth the aggregate amount of all these items, which amount is $1,230.65.
The settlement of controversies by arbitration is favored by the law and encouraged by the courts, and for the purpose of sustaining an award, technical objections should be disregarded, and every fair intendment should be drawn to uphold it. It is a determination or result reached by a tribunal selected by the parties themselves, and the policy of the law forbids that the controversy should again be opened except it be impeached by fraud, corruption, partiality or undue means or other misconduct on the part of the arbitrators. Section 857, R. S. 1894.
The law, however, will permit a correction or modification of the award when there is an evident miscalculation of the figures or mistake in the description of any person or thing, or when the arbitrators shall have awarded upon some matter not submitted, or when it is imperfect in some matter of form not affecting the merits of the controversy. Section 858, R. S. 1894.
The evident purpose of the statute is to prevent an inquiry into the merits of the controversy after the award has been filed in court. The corrections or modifications of the award with reference to miscalculations, misdescriptions and imperfections in form are only those that arise upon the face of the record. Deford v. Deford, 116 Ind. 523.
Neither the 2d, 3d, 4th, 5th nor 6th exceptions arise upon the face of the record, but are attempted to be *429 Brought into it by the averment of -extrinsic facts. No fraud or miscond.uct is charged against the arbitrators. Every one of these objections could have been presented to the arbitrators and a determination thereon had before the award was completed. They each presented matters about which a controversy existed. The proper tribunal to settle them was the board of arbitrators, and not the court. There was no error in sustaining the motion to strike out these exceptions.
The first exception to which the court overruled the motion to strike out, alleged, in substance, that the arbitrators exceeded their authority and power in. that they included in the balance found due the appellee an item of $65 which was no part whatever of the partnership affairs or dealings between them, and in no wise growing out of the partnership business; that said item’ was the purchase-price of a horse purchased by the appellant from the appellee, and for which the appellant executed his note payable to appellee, and which appellee now holds with a credit of $80 thereon.
A copy of the agreement to submit to the arbitration is made a part of the'record, and we think it appears upon its face that only partnership matters were to be submitted to the arbitration. The second subdivision of section 858, supra, provides that the court may modify or correct the award "When the arbitrator or arbitrators shall have awarded upon some matter not submitted and not affecting the merits of the decision upon the matters which were submitted.” The scope of the inquiry of the arbitrators is limited by the agreement, and this, we think, is apparent upon the face of the record. When the arbitrators went beyond the partnership affairs they exceeded their authority. Under this exception, the power of the court is limited to ascertaining whether or not this item was or was not a partnership matter, and *430 evidence might be heard for that purpose only. This is not equivalent to opening up the matters in controversy, but is simply ascertaining whether or not an item or thing is embraced within the subject-matter of the controversy.
Filed Nov. 27, 1894.
We are of the opinion that there was no error in overruling the motion to strike out this exception.
Appellant insists that there is as much reason for sustaining the motion to the first exception as to the other exceptions. It will be seen, however, that the other exceptions relate to miscalculations, while this one relates to a matter not within the controversy. The scope of the inquiry being apparent upon the face of the record, but whether a particular item or thing is within the inquiry can only be determined by the allegation of extrinsic matter. An objection of this kind goes to the power and authority of the arbitrators, and not to their method of procedure.
Judgment affirmed.