## MAFFENBEIER v. KOENIG ET AL.

[No. 8,506.   Filed April 20, 1915.   Rehearing denied June 22, 1915.
Transfer denied October 8, 1915.]

1. JURY.—*Competency of Juror.—Business Relation with Party.*—
As a general rule a person sustaining a business relation with one
of the parties calculated to influence his verdict is not competent
to serve as a juror in a cause, but the mere fact that a juror was
a member of an association to which one of the defendants be-
longed and which was engaged in operating a neighborhood
threshing machine for the convenience of the members and not
for profit, was not such a business relation as to require setting
aside the verdict, the association being in no way involved in the
litigation.   pp. 520, 521, 522.

2. JURY.—*Selection of Jurors.— Voir Dire Examination.*— Great
precaution should always be taken to prevent the acceptance of
jurors who are not likely to be able to do justice between the
parties, and to the end that fair trials may be secured, great lati-
tude is granted in the examination of jurors touching their quali-
fications.   p. 520.

3. APPEAL.—*Review.—Discretion.—Jury.*—The trial court is vested
with large discretion in its decisions as to the competency of
jurors, and it is only when it appears that such discretion has
been abused that the court on appeal can interfere.   p. 521.

From Spencer Circuit Court; *Henry F. Fulling*, Special
Judge.

Action by Martin Maffenbeier against John Koenig and
others. From a judgment for defendants, the plaintiff ap-
peals. *Affirmed.*

*R. W. Armstrong* and *J. W. Jeffries*, for appellant.
*E. L. Boyd* and *Arch Stevenson*, for appellees·

IBACH, J.—This was an action by appellant against ap-
pellees to set aside the release of a mortgage held by appel-
lant on the lands of appellee John Koenig, which release, it
was alleged, appellees had by fraud and misrepresentation
procured from appellant, who was an old, feeble, infirm
man, unable to understand any language save German.
There was a trial by jury, a verdict for defendants and a
judgment thereon.

Error is assigned in overruling appellant's motion for new trial, on the ground that one of the jurors, David Painter, was a partner in business with defendant John Koenig. Several affidavits were filed in support of this contention setting forth that David Painter was a close neighbor and warm friend of defendant John Koenig, in some of which it was stated generally that they were partners in business, in others that Painter was at the time of the trial and for several months before a partner in business with defendant in a certain threshing machine engine and separator. Appellees filed various counter affidavits showing that in August, 1910, ten persons organized themselves together and purchased one or more shares each of a face value of $100 in what was known as the Haaf Company Machine, that each person subscribed for and purchased said interest in said machine as an individual, and with the understanding that he was not to become liable for the interest or share purchased by any other person, and that each subscriber was individually liable and not jointly liable for said shares in said company machine, or for the purchase price of said machine; that said organization was perfected by electing officers, who were to control and manage said machine; that the object and purpose of the organization and the purchase of said machine was for the particular purpose of threshing wheat, oats, etc., for the members of said company, and not with the intention of going into the threshing machine business for profit. The affidavit of David Painter in addition shows that he owned one share, that when he purchased his share he did not know that John Koenig was to purchase a share, that his purpose in purchasing a share was to have a threshing machine in his immediate neighborhood to care for his grain crops at the proper time and not be compelled to wait on other machines, and not for the purpose or intention of going into the threshing machine business for profit; that the control of the machine was in the officers of the company among whom John Koenig

was a director, and was not in affiant; that affiant when he was called on to try. said cause knew nothing whatsoever about the merits of the controversy, neither had he talked with any of the parties, attorneys, or any other persons connected with said cause or discussed or expressed any opinion whatever concerning the merits of the cause, that the answers he gave to the court and the attorneys touching his qualifications as a juror in said cause were true. The affidavit of appellee Koenig shows in addition to the matter contained in the others generally, that he, when he entered the organization did not know that David Painter was to be a member; that the purpose which induced him to subscribe was to have a machine in his neighborhood to thresh his grain at the proper time and not have to wait for a machine; that he is acquainted with David Painter, and said Painter resides about two miles from affiant's home, but they have never visited each other, nor have their families ever visited each other.

It is argued by appellant that the relationship between appellee Koenig and the juror Painter was such as to deprive appellant of his constitutional right to a trial by an

1. impartial jury. See, *Block* v. *State* (1885), 100 Ind. 357. There is no real conflict in the principal statements contained in the affidavits produced by both parties. The question before us then is, Whether the relationship between members of an association operating a threshing machine, for the purpose of threshing wheat for the members of the company, and not for profit, is such a relationship that one member is incompetent to sit as a juror in a case in which another member is a party? The general rule is that a person is not competent to serve as a juror, where there exists any business relation between him and one of the parties calculated to influence his verdict. 24 Cyc. 276. We are mindful of the fact that very great pains should

2. always be taken to prevent the acceptance of a juror whose state of mind is such that he is likely to be un-

able to do justice between the parties, and where such a prejudiced juror has been accepted and due care has been exercised in his examination as to his competency and his incompetency was not discovered until after the trial, trial courts should and generally do, set aside such verdict and grant a new trial. For the purpose of securing fair trials of all causes, great latitude is granted by the trial courts in the examination of all jurors who are being interrogated as to their fitness and competency, the purpose being to secure impartial and unbiased results from the jury finally accepted to try the cause. *Pearcy* v. *Michigan Mut. Life Ins. Co.* (1887), 111 Ind. 59, 12 N. E. 98, 60 Am. Rep. 673, and cases cited.

Giving appellant the benefit of every statement contained in the affidavits, they fail to show a state of facts that would justify this court in interfering with the determination of the trial court on the question here involved.

The record fails to disclose any facts from which it might be said that the juror was prejudiced or biased as to either party or that he could have been in any manner interested in the result of the suit. It does not appear that he was in any manner interested in the debt sued for, financially or otherwise, or that he would be affected if the plaintiff recovered or failed in his action. No kindred relationship is shown and no business relations such as would disqualify the juror. Merely because the juror and the party to the action and other parties had purchased for their common use and not for profit a threshing machine, is at best a business relationship theoretic or imaginary in its character and is so remote and insignificant that it must be said to be wholly incapable of influencing the mind and conduct of the juror. If the contention of appellant be carried to its legitimate conclusion, we can conceive of many instances where it would absolutely prevent the trial of causes in the counties where suits are instituted. Consequently a very large discretion must necessarly be given the trial

court in its decisions as to the competency of jurors, and it is only when it appears that such discretion has been abused than an appellate court can interfere. *Dolan* v. *State* (1890), 122 Ind. 141, 145, 23 N. E. 761; *Stephenson* v. *State* (1887), 110 Ind. 358, 362, 11 N. E. 360, 59 Am. Rep. 216; *Dill* v. *Lawrence* (1887), 109 Ind. 564, 10 N. E. 573, and cases cited; *Gershner* v. *Scott-Mayer, etc., Co.* (1910), 93 Ark. 301, 124 S. W. 772; *State, ex rel.* v. *Taylor* (1892), 5 Ind. App. 29, 31 N. E. 543.

Appellant relies mainly on the case of *Stumm* v. *Hummel* (1874), 39 Iowa 478, where it was held that the trial court did not err in sustaining a challenge for cause to a juror who testified that he and the defendant were partners in a nursery and had been for three years, and he and the defendant had talked about the case. The court said, "The answer of the juror exhibited close business relations, which, experience shows, generally beget sentiments of friendship and confidence, warranting the conclusion of the existence of a state of mind favoring the party with whom such relations exist. In such a case the business of the copartnership might be affected by a verdict against the partner; certainly it might result in a necessity for the dissolution of the firm. The court may well have concluded that the juror exhibited such a state of mind as precluded him from rendering a just verdict." There are many features distinguishing the case of *Stumm* v. *Hummel* from the case at bar. (1) In that case the appellant did not seek to set aside a verdict because of a biased juror, but the higher court merely held that the trial court, in the exercise of the degree of discretion which is allowed it in determining the competency of a challenged juror, may have concluded from his answers that he was biased in favor of the defendant. (2) In the case at bar, there is not shown a business partnership, or any connection which would affect the juror in a financial way. (3) It was shown in that case that the juror had talked about the case with the defendant before

the trial, and nothing of that kind appears in this case. (4) There are affidavits in this case to show that appellee and the juror Painter are not close friends, and have no other connection except acquaintanceship, their ownership of shares in the neighborhood threshing machine, and their living within two miles of each other.

There is not presented the question of the competency of one who is a partner with one of the parties in a business which is the principal means of obtaining a livelihood· for one or both partners, or in which a commercial business is carried on to any extent; in such a case we feel that a partner would clearly be incompetent to sit as a juror in a case where the other partner was a party. The court did not err in overruling the motion for new trial. Judgment affirmed.

NOTE.—Reported in 108 N. E. 594. As to bias, prejudice or interest such as disqualifies a juror, see 9 Am. St. 744. See, also, under (2) 24 Cyc. 340, 341; (3) 3 Cyc. 331.