CORY, ADMINISTRATOR, ETC. *v.* SMITH.

[No. 19,284. Filed November 13, 1962. Rehearing denied December 5, 1962. Transfer denied March 26, 1963.]

*Joseph F. Quill,* of Indianapolis, for appellant.

*Steers, Klee, Jay & Sullivan,* of Indianapolis, for appellee.

GONAS, J.—This is an appeal from a judgment in favor of the appellee (plaintiff) upon trial by the court, on a verified complaint for a new trial which judgment set aside a jury verdict and judgment rendered in said court.

After appellant's motion for a new trial was overruled, he duly perfected this appeal to this court.

The summons in the action below was returnable on September 3, 1957, during the September, 1957, term of the Marion Superior Court. Appellant filed his answer in abatement on the return day of the summons. On September 26, 1957, before any action had been taken with reference to the answer in abatement appellant filed his demurrer to the complaint for new trial. The last day of the September, 1957, term of the Marion Superior Court was October 5, 1957. On October 28, 1957, appellant filed his motion to dismiss and the demurrer was overruled, and appellant filed his answer to appellee's complaint for a new trial, which motion was overruled.

Plaintiff's verified complaint on which the cause was tried is in one paragraph and, omitting formal parts, reads;

"The Plaintiff, Charles P. Smith, complains of the defendant, Joseph M. Cory, Administrator of the estate of John F. Cory, deceased, and alleges:
1. That the defendant, Joseph M. Cory, is now and was during all the time herein mentioned the duly appointed qualified and acting administrator of the estate of Joseph F. Cory, deceased.
2. On the 26th day of August, 1955, Joseph M. Cory, as administrator of the Estate of John F. Cory, deceased, filed his complaint for damages for wrongful death against the plaintiff herein in the Superior Court of Marion County. That said cause of action thus filed by said defendant was entitled Joseph M. Cory, Administrator of the estate of John F. Cory, Deceased, vs. Charles P. Smith, in the Superior Court of Marion County, Cause No. C-14257.
3. That thereafter the defendant herein, the plaintiff in said above mentioned cause filed an amended complaint in said action therein the plaintiff, the defendant in this cause alleged that John F. Cory was struck by an automobile owned and operated by Charles P. Smith, the plaintiff herein, the defendant in said above mentioned

cause on the 24th day of November, 1954. That said accident occurred on Indiana State Road 37, at its intersection with E. 45th Street, in Marion County, Indiana.

4. That beginning on the 15th day of April, 1957, said cause of action which was filed by the defendant herein, Joseph M. Cory, against Charles P. Smith, was tried by a jury which resulted in a verdict in favor of the defendant herein, Joseph M. Cory, administrator of the estate of John F. Cory, deceased.

5. That within the time prescribed by law, this plaintiff filed a motion for new trial in said cause. That said motion for new trial is pending in this court at this time.

6. That one of the jurors selected to try said cause was Lynn B. Cray, 3921 E. 11th Street, Indianapolis, Indiana. That immediately prior to April 15, 1957, said Lynn B. Cray was an officer and manager of the Jesse C. Pritchett Recreation Company, Incorporated, which action resulted in a Receiver being appointed for said corporation of which the said Lynn B. Cray was an officer and manager as above stated. That John Z. Kepler, an attorney and associate of said law firm of Steers, Klee, Jay & Sullivan was named by the Court as Receiver of said Jesse C. Pritchett Recreation Company, Incorporated.

7. That the said law firm of Steers, Klee, Jay & Sullivan, the attorneys for a then creditor of the Jesse C. Pritchett Recreation Company, Incorporated, above named are also the attorneys for the plaintiff in this cause, the defendant in the case of Joseph M. Cory, Administrator of the Estate of John F. Cory, deceased v. Charles P. Smith, above referred to.

8. That the trial of said above described cause was the responsibility of James C. Jay, assisted by said John Z. Kepler, the Receiver of the said Jesse C. Pritchett Recreation Company, Incorporated, as above stated.

9. That at the time said juror, Lynn B. Cray was questioned concerning the qualifications and competency to serve as a juror in said cause neither said defendant or counsel representing

him at said time, James C. Jay, was aware of the fact that the said Lynn B. Cray was an officer and manager of the said Jesse C. Pritchett Recreation Company, Incorporated. That said Lynn B. Cray was asked whether or not he was acquainted with any of the parties or counsel of said cause, which questions the said Lynn B. Cray answered in the negative.

10. That the time allowed by law in which plaintiff herein, the defendant in said above mentioned cause may file a motion for new trial has expired.

11. That the said Lynn B. Cray, by reason of the facts hereinabove stated, was not competent to serve as a juror in said cause and by reason of the business relationship existing between him and the attorney for the said Charles P. Smith.

12. That such cause for a new trial as above alleged was unknown to the plaintiff herein during the term of which the verdict was rendered and the time allowed by law in which to file motion for new trial. That such incompetency and disqualification of said juror was not discovered until after the time allowed by the law to file a motion for new trial as hereinabove mentioned. That this complaint is filed not later than the second term of such discovery as above alleged. That the incompetency and disqualification of said juror by the exercise of reasonable diligence would not have been and was not discovered before the expiration of the term in which said above named cause was tried and within the time allowed by law to file a motion for new trial, be granted in said cause."

Upon this appeal, appellant challenges the action of the trial court in overruling his motion to dismiss and in overruling his motion for a new trial. Burns' Statutes §2-2405 provides:

"Where causes for a new trial are discovered after the term at which the verdict or decision was rendered, the application may be made by a complaint filed with the Clerk, not later than the second term after the discovery, on which a

summons shall issue, as on other complaints, requiring the adverse party to appear and answer. *The application shall stand for hearing at the term to which the summons is returned executed,* and shall be summarily decided by the court upon the evidence produced by the parties. . . . " (Our emphasis.)

The basis of appellant's motion to dismiss is that the action did not "stand for hearing" at the term to which the summons was returned, that is, since it was not tried at that term the court could not thereafter try it. The meaning of this statute was misconstrued.

Under the earlier law in Indiana, an action started during term time could not be tried until a following term. Gavit, *Indiana Pleading and Practice* §330, p. 2061. Thus the Acts of 1861, p. 49; Gavin and Hords *Revised Statutes of the State of Indiana,* 1862, Ed. Vol. II, Sec. CCXV, p. 194, provided:

"Every action shall stand for issue and trial at the first term after it is commenced, when the summons has been served on the defendant 10 days, or publication has been made for thirty days before the first day of the term."

The Act of 1881, as now amended, being Burns' Indiana Statutes §2-1905, provided that a plaintiff might fix a return day within a term by indorsement thereof upon the complaint and if the process was served ten days before such day the action should ". . . stand for issue and trial at such term . . . ."

Burns' Indiana Statutes, §2-2405 *supra,* is a part of the same Act of 1881, and the phrase "shall stand for hearing" has the same general meaning as the phrase in Burns' Indiana Statutes §2-1905, "shall thereupon stand for issue and trial."

"Under the common law system of courts in England, it was also held that all matters which were undisposed of at the end of a term were lost and had to be started over. The practice then developed of permitting a specific continuance in each case from term to term. This matter is now uniformly regulated by statute and in Indiana the matter is taken care of by the provisions of Burns' Stat. §4-321." Gavit, *Indiana Pleading and Practice*, §207, p. 1457. Burns' Indiana Statutes, §4-321 however, provides;

> "If, at the end of the term of any court, any matters pending therein are undetermined, the same shall stand continued until the next term."

Under this statute, when the present action was not determined during the term at which the summons was made returnable, it stood continued until the next term. The court did not, as appellant contends, lose jurisdiction when the case was not decided at the term when the summons was made returnable.

The overruling of appellant's demurrer to appellee's complaint is made one of the grounds of the motion for new trial.

The complaint alleges:

> "That the said Lynn B. Cray, by reason of the facts hereinabove stated, was not competent to serve as a juror in said cause and by reason of the business relationship existing between him and his attorney for the said Charles P. Smith."

It is not alleged that the juror was incompetent by reason of some statutory disqualification or that he was actually acquainted with any of the counsel in the case, or that he knew their connection with the receivership, or that the juror's answer was in any

way false, or that the juror was guilty of any misconduct. While it is alleged that appellee's counsel, James C. Jay was not aware of the fact that the juror was an officer of the corporation, a similar allegation is not made as to John Z. Kepler, who was assisting him, and who was the receiver for the corporation.

It is stated in *Maffenbeier* v. *Koenig* (1915), 59 Ind. App. 518, 108 N. E. 594:

> "The general rule is that a person is not competent to serve as a juror, where there exists a business relation between him and one of the parties calculated to influence his verdict."

The complaint does not allege any facts from which it might be said that the juror was prejudiced or biased as to either party or could have been interested in the result of the action, or any facts which show a realtionship calculated to influence the verdict. Appellee has not informed us as to upon which of the statutory grounds for a new trial the alleged facts would be applicable.

While the complaint alleges, ". . . that the incompetency and disqualification of said juror by the exercise of reasonable diligence would not have been discovered before the expiration of the term of court and within the time for filing a motion for new trial, . . ." such an allegation, unsupported by allegations of fact, is not sufficient. *Anderson* v. *Hathaway* (1892), 130 Ind. 528, 30 N. E. 638; *Hines et al.* v. *Driver* (1885), 100 Ind. 315. The complaint does not allege facts showing due diligence in examining the juror on voir dire, or by other means, to discover the alleged "incompetency" of the juror before the jury was accepted.

The complaint does not state facts sufficient to constitute a cause of action.

Judgment reversed, with instructions to sustain appellant's demurrer to the complaint.

Kelley, C. J., Pfaff, J., and Bierly, J., concur in the results.

NOTE.—Reported in 186 N. E. 2d 14.