## Stumm v. Hummel.

1. **Juror:** QUALIFICATION: INTEREST. In an action for damages, a juror who upon *voir dire* denied that his sympathies were with one of the parties, or that he was predjudiced in favor of either, but who admitted that he was the partner in business of one of them, was held to have been properly excused from service, upon the ground that a recovery might have affected the copartnership relation.

2. **Evidence:** COMPETENCY: DAMAGES. In an action to recover for criminal conversation with the wife of the plaintiff, testimony that defendant had intercourse with her before her marriage with plaintiff, that he advised her to marry plaintiff, and said he "would then come and have intercourse with her," was competent to show the full extent of the injury.

3. ———: MATERIALITY. After the wife of plaintiff had testified that she first disclosed to her husband, her intimacy with defendant under the impulse of anger, further testimony in regard to the circumstances giving rise to her feeling was immaterial.

4. ———: EXAMINATION OF WITNESS. When plaintiff's wife was asked upon cross-examination, in regard to certain acts of indecent familiarity with defendant before her marriage, the more general question upon re-examination, as to whether there had ever been indecent conduct between them, could not be made the ground of objection, the way for its admission being opened by the cross-examination.

5. ———: PLEADING. Evidence of acts showing improper intimacies before marriage, may be properly admitted to show the relations of the parties, although the facts were not pleaded.

6. ———: BELIEF OF WITNESS. The plaintiff was properly permitted to testify as to the reasons which induced him to live with his wife after the discovery of her unchastity. His acts and belief, and not the facts upon which his belief was founded, were properly admitted for the consideration of the jury.

7. **Instruction:** CORROBORATION OF WITNESS. The following instruction was correctly given: "If you believe that the child of plaintiff's wife shown you during the trial resembles defendant, and experience teaches you that there is anything reliable in this apperance, that would be safe for you to form an opinion on, you may consider it in corroboration" of her evidence.

8. **Criminal conversation:** COLLUSION. In an action for *crim. con.* the plaintiff must have had a knowledge of the intimacy of his wife with defendant at the time, or have had reasonable grounds for believing it, to charge him with collusion.

9. ———: ———: ———. To constitute a defense to such an action, the acts of plaintiff must have been such as to warrant the conclusion that he assented to the wife's infidelity.

10. ———: INSTRUCTION: DAMAGES. The following instruction gave the law correctly: "If her (plaintiff's wife's,) bad conduct was confined exclusively to her intercourse with defendant, and plaintiff was induced to marry her by the recommendation of defendant, that she was a good girl, and plaintiff believed that she was pure and virtuous, then her bad conduct with defendant before marriage, should not be considered in mitigation of damages."

11. ———: NOMINAL DAMAGES. In such an action recovery is not barred by the fact that plaintiff has not lost the affection and society of his wife, that his family is not broken up nor his domestic relations impaired, nor is the recovery limited to nominal damages.

12. ———: EFFECT OF HUSBAND'S KNOWLEDGE. That plaintiff after knowledge of his wife's infidelity, continued to live with her upon the same terms as before, is not evidence of collusion.

*Appeal from Jasper District Court.*

TUESDAY, OCTOBER 6.

ACTION to recover damages for criminal conversation with the wife of plaintiff. There was a verdict and judgment in the sum of $1,000. The defendant appeals. The facts involved in the questions passed upon in the opinion will be found fully stated therein.

*Winslow & Wilson* and *Stone & Ayres*, for appellant.

*Smith & Cook* and *Fairall & Bonarden*, for appellee.

BECK, J.—Numerous objections to the judgment are urged upon our attention. They will be considered in the order we find them discussed in the briefs of appellant's counsel.

I. A juror, who was called to sit in the case, upon his *voir dire* stated that he " had talked with defendant about the case 1. JUROR: and he has told me his side of it—the facts as he qualification; interest. claimed them. They did not make much impression on my mind. Defendant and I are in a partnership in a nursery, and have been for three years past." He further stated that he thought his sympathies were not with defend-

ant; that he was not anxious to have him gain the case, and that he was not unfriendly to either party. A challenge for cause by plaintiff to this juror was sustained, and is the ground of defendant's first objection. We think the action of the court was right. The answer of the juror exhibited close business relations, which, experience shows, generally beget sentiments of friendship and confidence, warranting the conclusion of the existence of a state of mind favoring the party with whom such relations exist. In such a case the business of the co-partnership might be affected by a verdict against the partner; certainly it might result in a necessity for the dissolution of the firm. The court may well have concluded that the juror exhibited such a state of mind as precluded him from rendering a just verdict, and, therefore, under the statute, was not competent to sit in the case. Code, § 2772, ¶ 9.

II. It appeared in the evidence that the wife of plaintiff had lived in the family of defendant, and he had, before her

2. EVIDENCE: competency: damages. marriage with plaintiff, criminal intercourse with her. She was permitted to testify, against defendant's objection, that he advised her to marry plaintiff, because he would make her a good husband and provide her a good home, and that he (plaintiff) would come over and have intercourse with her, and, if there was any trouble, to leave Stumm and come and live with him. To this evidence objections are urged. We think it was properly received. Certainly the predetermined designs of defendant to commit the wrong against plaintiff, for which this suit is brought, were competent in order to show the full extent of the injury. The evidence tends to establish that plaintiff was made the dupe of defendant's artifice, as well as the victim of his crime.

III. The wife of plaintiff, on cross-examination, testified that she first disclosed to plaintiff her intimacy with defend-

3. ———: ———: materiality. ant under a feeling of anger against defendant on account of his testimony in a case wherein plaintiff was a party, in which he had sworn falsely against plaintiff. She was asked if defendant was a witness against plaintiff in that case. The court sustained an objection, and we think correctly, to this question. The witness had shown her feel-

ings, and the cause of it, declaring that it arose from defendant's testimony. Further testimony as to the circumstances under which it arose could have been of no advantage to plaintiff; the proposed evidence was, therefore, immaterial.

IV. The plaintiff's wife, upon her cross-examination, was asked in regard to certain acts of indecent familiarity with defendant before her marriage, which she denied.

4. ———: examination of witness.

Upon her re-examination she was asked one or more general questions whether there had been indecent conduct between her and him, and in reply related acts of criminal intercourse with defendant, and that she had become pregnant and defendant had employed a physician to procure from her an abortion. This evidence is made the ground of an objection. We think the cross-examination freely opened the door to it, upon the re-examination.

It is said that the latter part of the evidence was objectionable, on the ground that the fact proved was not pleaded. It was a circumstance showing the relation of the parties, which would tend to establish the subse-

5. ———: pleading.

quent acts, after marriage, for which suit is brought. The court properly directed the jury that improper intimacies and conduct of the parties before marriage could be considered for that purpose. *Conway v. Nicol,* 34 Iowa, 533.

V. More than one objection is founded upon the admission of evidence as to the words, acts and appearance of the plaintiff's wife on two or three occasions. If we should concede the evidence to be incompetent, we are utterly unable to presume it was prejudicial to plaintiff.

VI. Plaintiff was permitted to testify to the reasons which induced him to live with his wife after being satisfied of her infidelity, and that he believed her to be, at the

6. ———: belief of witness.

time of their marriage, chaste. It is objected that the jury should have been permitted to determine the facts upon which he based his action and belief. The acts and belief of the witness were the matters to go to the jury and not whether they were founded upon sufficient facts.

VII. The court instructed the jury as follows: " If you

believe that the child of plaintiff's wife shown to you during
the trial resembles defendant, and your judgment
and experience teaches you that there is anything
reliable in this appearance that would be safe for
you to form an opinion on, you may consider it in corrobora-
ting the evidence of Mrs. Stumm." This instruction is said
to be erroneous, because it does not confine the consideration
of the jury to family . resemblance. Certainly nothing else
could have been understood by the jury. The word resemb-
lance, as here used, implies that likeness ordinarily seen between
child and father.

*7. INSTRUC-
TION: corrob-
oration of wit-
ness.*

VIII. Certain instructions are claimed to be erroneous on
the ground that they assume facts stated, and are based upon
matters not in evidence. It is sufficient to say that we think
these objections are not well founded in fact.

IX. The court directed the jury that, in order to charge
plaintiff with collusion in the crime of his wife, he must have
had a knowledge of the intimacy at the time, or
had good and reasonable grounds for believing it
existed, and modified an instruction asked by defendant, and
then gave it, to the effect that, acts of the defendant in order
to be regarded as leading to the wife's infidelity, must be such
as to warrant the conclusion that he assented thereto in order
to constitute a defense to the action. The instructions are
correct. Certainly, if the plaintiff confided in his wife and
defendant as husbands ordinarily do in virtuous
women and in their neighbors, thus permitting
opportunities of crime, he cannot be charged with collusion
in the absence of knowledge, or as aiding, encouraging, or
prompting intimacy, unless the circumstances would warrant
presumption of his assent thereto. Knowledge of, and assent
to, the crime is necessary to make him a partaker in guilt and
a sharer in its consequences.

*8. CRIMINAL
conversation:
collusion.*

*9. ——: ——:
——.*

X. The court gave the following instruction: " If her
(plaintiff's wife's) bad conduct was confined exclusively to her
intimacy with defendant, and plaintiff was induced
to marry her by the recommendation of defendant
that she was a good girl, and plaintiff believed that she was

*10. ——: in-
struction :
damages.*

pure and virtuous, then her bad conduct with defendant before marriage, if you find there was such, should not be considered in mitigation of damages." This instruction is based on both sound law and good morals. Defendant, after having induced plaintiff to believe the woman to be virtuous, and to take her for his wife, cannot defend his own wrong by showing his deceit and falsehood of which plaintiff was the victim. He would be bound by his declarations upon which plaintiff acted. Another instruction is claimed to be in conflict with this rule. If it is, defendant cannot complain, for it was to his advantage.

XI. The court refused to give an instruction asked by defendant to the effect that, if plaintiff, by the act complained of, has not lost the affection or society of his wife, nor was his family broken up nor his domestic relations impaired, then he could recover nothing more than nominal damages. It is insisted that the instruction should have been given. The injuries enumerated therein are not the only ones for which compensatory damages will be awarded in this kind of action. It was, therefore, properly refused.

XII. An instruction asked by defendant, and refused, contained the thought that, if plaintiff, after full knowledge of his wife's infidelity, continued to live with her upon the same terms as before her crime, this would be evidence to show that plaintiff connived at it. We think the instruction was correctly refused, and one to the effect that plaintiff's forgiveness of his wife and continuance of the marital relation did not necessarily have the effect to establish connivance or assent, was properly given. The law will not hold a party remediless for an injury of this kind because, through the exercise of christian virtue, the influence of family interest, or even in the want of what may be regarded as true manly spirit, he forgives an erring wife and trusts in her reformation and promise of future good conduct and virtue.

XIII. It is lastly urged that the evidence fails to support the verdict. There was a conflict of proof, and the jury were

required to determine whether the witnesses for plaintiff or defendant were the more credible. We cannot say that this duty was not performed without prejudice, passion or favor. The verdict was not erroneously permitted to stand.

The judgment of the District Court is

AFFIRMED.