## JOHN R. SMITH V. HAINES MEYERS.

FILED JUNE 15, 1897. No. 7299.

1. **Criminal Conversation: EVIDENCE.** In an action for damages for criminal intercourse with plaintiff's wife, the petition may lay the time of the alleged wrongful act with a *continuando*, and the evidence may be directed to any time within that covered by the petition, and within the period of the statute of limitations.

2. ———: **PLEADING.** *Held*, No abuse of discretion in denying defendant's motion to require the plaintiff to state in his petition the times and places of the committing of the alleged acts of adultery with more particularity.

3. ———: ———. *Held*, That the petition stated a cause of action for criminal conversation.

4. **Jurors: CHALLENGES: HARMLESS ERROR.** The improper excusing of a juror for cause will not work a reversal, where the complaining party has not availed himself of all of his peremptory challenges.

5. **Criminal Conversation: WITNESSES: HUSBAND AND WIFE.** In an action for criminal conversation in this state the plaintiff's wife is a competent witness in his behalf.

6. ———: **DAMAGES: HUSBAND AND WIFE.** Cohabitation by the husband with the wife after knowledge of her infidelity will not defeat an action against her seducer for damages.

7. **Instructions.** Instructions stating the law correctly as a whole, *held* sufficient, though one or more of them, taken separately, may not have been accurate.

8. **Criminal Conversation: DAMAGES.** In an action of this character, a

plaintiff may recover, aside from the loss of services of the wife, for mental anguish, mortification, injured feelings, and disgrace he has sustained in consequence of the acts of the defendant.

9. ———: INSTRUCTIONS: EVIDENCE. It is not error to refuse an instruction which informs the jury that certain facts are entitled to great weight.

10. ———: DAMAGES. Evidence *held* to sustain the verdict, and that the damages assessed at $3,000 are not excessive.

ERROR from the district court of Richardson county. Tried below before BABCOCK, J. *Affirmed.*

*Isham Reavis* and *C. Gillespie,* for plaintiff in error.

*F. Martin, contra.*

NORVAL, J.

This is an action by Haines Meyers against John R. Smith for criminal conversation, in which plaintiff had verdict and judgment in the sum of $3,000. The defendant has brought the record into this court for review.

The petition alleged "that on the 21st day of October, A. D. 1893, and on divers other days between that and the commencement of this action, said defendant wrongfully, wickedly, and unjustly debauched and criminally knew one Vernie Meyers, then and still being the wife of plaintiff, and thereby the affection of said Vernie Meyers for plaintiff was alienated and destroyed, and the plaintiff has been deprived of the comfort, fellowship, society, and assistance of his wife in domestic affairs, and has been brought into dishonor and disgrace, to his damage in the sum of $5,000, for which sum, together with costs herein, he prays judgment." To this petition defendant filed a motion—which the court overruled—to require plaintiff to make his said pleading more specific by stating the times and places the several acts of unlawful sexual intercourse were had, and "to furnish a bill of particulars of all such acts, including the one alleged to have taken place on October 21, 1893; stating with reasonable cer-

tainty the times and places where the same occurred, and
whether in the daytime or in the night-time." No error
was committed in overruling this motion. Had this been
a criminal prosecution for burglary, an averment in the
complaint stating the time when the unlawful entry was
made,—that is, whether in the daytime or night season,—
would have been necessary. It was not essential to allege
the place or places the sexual intercourse occurred, since
the action is transitory. This being the case, an aver-
ment as to the place is treated as formal merely, and need
not be proven. (5 Ency. Pl. & Pr., 617; *Huckabee v. Shep-
herd*, 75 Ala., 342; *Long v. Booe*, 17 So. Rep. [Ala.], 716.)
This action belongs to that class in which a *continuando*
may be laid in the petition, and proof thereunder may be
given of the wrongful act in issue committed on any day
within the time stated in the pleading, and within the
period of the statute of limitations. (5 Ency. Pl. & Pr.,
618; *Lemmon v. Moore*, 94 Ind., 40; *Johnston v. Disbrow*,
47 Mich., 59; *Vatter v. Miller*, 17 Atl. Rep. [Vt.], 850.) It
is not necessary to prove that the adultery was committed
at the precise time alleged in the petition, if the variance
is not so great as to mislead the defendant. (*Miller v.
Miller*, 20 N. J. Eq., 216.) There are authorities to the
effect,—some of which are cited* in the brief of defendant
below,—that when the time and place are not alleged
with particularity in -the petition in such an action, the
court in its discretion may order a bill of particulars.
Even though this rule should obtain, we are convinced
there was no abuse of discretion in refusing the motion
directed against the petition.

Complaint is made of the overruling of a general de-
murrer to the petition. Plaintiff, in preparing his plead-
ing, followed the form laid down in all the standard
works on pleading in this country which we have ex-

*Adams v. Adams*, 16 Pick. [Mass.], 254; *Commonwealth v. Davis*, 11
Pick. [Mass.], 432; *Commonwealth v. Snelling*, 15 Pick. [Mass.], 321;
*Wood v. Wood*, 2 Paige Ch. [N Y.], 108; *Morrel v. Morrel*, 1 Barb. [N. Y.],
319; *Wright v. Wright*, 3 Tex., 168; *Miller v. Miller*, 20 N. J. Eq., 216; *Til-
ton v. Beecher*, 59 N. Y., 176; *Kane v. Kane*, 3 Edw. Ch. [N. Y.], 389.

amined. The only alleged defect in the petition suggested by counsel is that it omits to state that the criminal intercourse charged was committed without the privity or consent of plaintiff. The collusion or connivance of a plaintiff is a bar to such an action; but that defense was for the defendant to establish, and plaintiff was not required to negative the same in his petition.

Some immaterial allegations in the answer were met by redundant averments in the reply, and the latter the court declined to eliminate from the record, and of which the defendant complains. He invited the irrelevant matter by the statements in his answer, and ought not to be heard to complain. Moreover, we fail to discover that he could have been in the least injuriously affected by the ruling in question.

The next point made is that the trial court erred in sustaining plaintiff's challenge for cause to venireman Santo. Whether he was improperly excused or not is wholly unimportant, since defendant was not prejudiced by his being excused. It does not appear that defendant exercised any of his peremptory challenges, and hence it may be presumed that twelve competent men, possessing all the requisite qualifications of jurors, heard and decided the cause. (*Richards v. State*, 36 Neb., 19; *Omaha S. R. Co. v. Beeson*, 36 Neb., 362; *Brumback v. German Nat. Bank of Beatrice*, 46 Neb., 540, and cases there cited.)

Another assignment is that the court erred in permitting one Lichty, a witness on behalf of plaintiff, to testify to a conversation with defendant, as it related to an attempt to compromise the case. Defendant having not only pleaded in his answer, but proved on the trial, an offer of compromise made by the plaintiff to the defendant, it was not very consistent for the latter to urge that character of testimony was inadmissible. Lichty did not testify to a compromise, but his testimony was to bring out the fact that the defendant admitted to him he caught and kissed plaintiff's wife, and had a conversation with her which a man should not have with another's wife.

We are unwilling to predicate a reversal upon the admission of Lichty's testimony, or the permitting of plaintiff to answer question 128, as it was preliminary in its nature, whether he had had a conversation relating to a compromise, but the conversation was not narrated.

It is strenuously insisted that error was committed in allowing plaintiff's wife to testify on behalf of her husband, over the objections of the defendant, because she was not a competent witness by reason of her marital relations. Section 328 of the Code of Civil Procedure provides: "Every human being of sufficient capacity to understand the obligation of an oath is a competent witness in all cases, civil and criminal, except as otherwise herein declared. The following persons shall be incompetent to testify: * * * Third—Husband and wife, concerning any communication made by one to the other during marriage, whether called as a witness while that relation subsists or afterward." This language is plain, and needs no construction. It makes every person capable of understanding the nature of an oath a competent witness in a court of justice, unless such person comes within one of the five exceptions named in the section. The third excludes a husband and wife from testifying as to communications made from one to the other during marriage. Mrs. Meyers did not violate this statute, nor the provisions of sections 331 and 332 of the Code, in the giving of her testimony. There is no statute in this state which forbids a wife from testifying for her husband in an action for criminal conversation, nor is it against public policy to permit her to do so. She is disqualified from being a witness against him in such an action, but the law allows her to testify in his favor. We find no reversible error in the rulings on the admission of the testimony.

The following instructions given on the request of the plaintiff below are assailed:

"1. The jury are instructed that where a defendant has debauched the wife of a plaintiff, the right of action of the latter is complete; and the mere fact that such plaint-

iff forgives his wife and continues the marital relation does not necessarily have the effect to establish his connivance or assent to the misconduct of such defendant.

"2. And if the jury believe from the evidence that defendant committed the offense charged in the petition herein, and that plaintiff has forgiven his wife and is living with her, through the exercise of Christian virtue, the influence of family interest, or even in the want of what may be regarded as a true manly spirit, that fact could not destroy his right of action for the injury done him by this defendant."

The cohabitation of plaintiff with his wife after knowledge of her intimacy with the defendant did not bar the right of action, nor did such fact necessarily prove collusion between plaintiff and his wife. (*Verholf v. Van Houwenlengen*, 21 Ia., 429; *Stumm v. Hummel*, 39 Ia., 478; *Sanborn v. Neilson*, 4 N. H., 501; *Sikes v. Tippins*, 11 S. E. Rep. [Ga.], 662.)

The following were given at the request of the plaintiff below:

"5. The jury are instructed that the law forbids the debauching of a man's wife. And if a man violates the sanctity of another's household by having carnal intercourse with another's wife, the person so offending is liable in damages to the party injured for such misconduct.

"6. And if the jury believe from the evidence that the defendant had carnal intercourse with the wife of the plaintiff, as alleged in the petition herein, then your verdict should be for the plaintiff, in such sum as you believe from the evidence will compensate him for the injury and damage he has suffered, not exceeding the amount claimed in the petition. And in determining the amount of such damages you should take into account the shame and ridicule plaintiff is subject to, and the mental anguish and distress he would necessarily suffer by the action of the defendant."

The contention is that all four of the instructions copied

above are erroneous, because they omitted the ingredient of want of consent of plaintiff to his wife's intimacy with the defendant. The first answer to the criticism is that there was no evidence adduced from which such consent could be inferred. Again, if the instructions were faulty by ignoring the element of consent, the error was cured by the giving of the following instructions requested by the defendant:

"6. If you believe from the evidence that the plaintiff was willing, or contributed in any degree, to have his wife throw herself in the way of the defendant, and to try to entrap him into having connection with her, the plaintiff cannot recover.

"7. If you believe, from the evidence, plaintiff and his wife tried to entrap the defendant into having improper relations with his wife, for the purpose of blackmailing him, or getting money from him, then plaintiff cannot recover."

Construing the foregoing in connection with the instructions given on behalf of plaintiff, we are convinced it was made plain to the jury that there could be no recovery in this case if the adultery charged was committed by the wife with the consent or connivance of her husband. It is a familiar rule that instructions must be construed as a whole. When thus considered, if they fairly state the law, it is sufficient. (*St. Louis v. State*, 8 Neb., 406; *Murphy v. State*, 15 Neb., 383; *Bartling v. Behrends*, 20 Neb., 211; *Campbell v. Holland*, 22 Neb., 587; *City of Lincoln v. Smith*, 28 Neb., 762.)

Complaint is made of this instruction, which was given by the court on its own motion:

"6. The jury are instructed that if you find for the plaintiff, in estimating the injury he has sustained the jury may take into consideration the wounded feelings and affections of the husband, the wrong done to him in his domestic and social relations, the stain and dishonor he has sustained, and the grief and affliction suffered in consequence of the act complained of, and give damages accordingly."

The elements of damages enumerated in this paragraph of the charge were proper subjects for the consideration of the jury in reaching a verdict, and it is an unfair criticism of this instruction, when read in the light of the remainder of the charge, to say the court assumed plaintiff had sustained all those different items of damages. If the mere statement of the elements which the jury might consider in fixing the amount of recovery created an impression unfavorable to defendant, he is to blame for having so acted as to cause a judicial investigation of the facts. Plaintiff was not limited in the amount of recovery to such sum as would merely compensate him for loss of services of the wife during the time they were separated. Using the language of Chief Justice Walker in *Yundt v. Hartrunft*, 41 Ill., 12: "In this class of cases the loss of services may be alleged injury, but the injury to the character of the family is the real ground of recovery when the cause of action relates to the wife or daughter. The degradation which ensues, the distress and mental anguish which necessarily follow, are the real causes of recovery. It has been the policy of the law to confine the recovery by the injured party to the precise amount of money which he has proved he has lost by the deprivation of labor ensuing from the injury. But the law has, in a more just spirit, allowed a recovery for injury to family reputation and anguish growing out of the injury." (See *Stumm v. Hummel*, 39 Ia., 478; *Long v. Booe*, 17 So. Rep. [Ala.], 716; *Rice v. Rice*, 62 N. W. Rep. [Mich.], 833; *Cross v. Grant*, 62 N. H., 675.)

Error is assigned for the refusal of defendant's ninth request, which was in this language:

"9. The jury are instructed that the gist of this action is the loss of the comfort and society of the plaintiff's wife, and if you find from the evidence that the plaintiff continued to live with his wife after he has heard of her alleged illicit connection with the defendant, the jury is justified in concluding that the plaintiff has condoned the offense of the wife, and this circumstance is entitled to

great weight in considering the question of damages the plaintiff has sustained by reason of the wrongful conduct of the defendant, provided that the jury shall believe that the defendant has in fact committed any wrong against the plaintiff."

This instruction was properly refused, because loss of comfort and society of the wife were not the only injuries for which compensatory damages could be awarded, *supra.* Again, it was not the province of the court to tell the jury what circumstance was "entitled to great weight." It was for the jury alone to determine the weight to be given the testimony.

Of the other requests of the defendant which were refused, all we need say is that we have examined them all and find they were properly rejected,—some because they did not correctly state the law, and others for the reason they had already been covered by the instructions given. We are convinced no substantial error was committed in the giving and refusing of the instructions.

It is said that the testimony was insufficient to justify the verdict. The contention of defendant in his brief is: "No disinterested witness testifies to even seeing Smith, the plaintiff in error, with the wife of defendant in error in any compromising attitudes, or guilty of any improper conduct whatever. No presents or gifts made. No letters exchanged. None of the badges or indicia that usually surround and accompany a truthful charge of this character." This argument is not convincing. It was not indispensable to a recovery that the acts of sexual intercourse should have been established by the testimony of a disinterested eye-witness. Adultery would be very difficult of proof if such were the rule, but it may, like any other fact, be established by circumstantial evidence. In this case, however, the wife testifies to more than one act of illicit intercourse with the defendant. She is to some extent corroborated by other testimony adduced on the trial. Without entering into a discussion of the testimony, it is obvious it was sufficient, if believed, to sustain

the verdict. The amount of damages found by the jury does not appear to have been the result of passion and prejudice, and we do not feel warranted in reversing the judgment on the ground of excessive damages. The judgment will be

AFFIRMED.