JAMES M. HANSEN, APPELLEE, v. FRANK STROHSCHEIN, APPELLANT.

133 N. W. 2d 598

Filed March 5, 1965. No. 35807.

John F. McCarthy, for appellant.

Vogeltanz & Grimminger, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

SMITH, J.

A jury has found that defendant alienated from plaintiff James M. Hansen the affections of his wife, Doris. Issues on appeal are sufficiency of evidence, instructions given or refused, and amount of award.

The Hansens were married in 1927. The ages of the parents and their minor children at the time of trial were: James, 65; Doris, 53; Jimmie, 16; Sharon, 14; and Gary, 7. In 1963 they were living on a farm near Ord, Nebraska.

We summarize evidence in support of the verdict. Early in 1963 defendant, an insurance agent, in the course of his business became acquainted with Doris. Subsequent association quickly transformed acquaintance into intimacy. Togetherness was sometimes innocuous, sometimes not.

One meeting was significant. On February 23, 1963, Doris and Sharon accepted defendant's invitation to accompany him on a visit to a prospect residing about 14 miles away. As they entered his car, Doris said, "I think you are going to run away with both of us." He and Doris were giggling. On the outgoing trip defendant drove and Sharon sat between them. She saw them holding hands behind her back.

The return trip was also eventful. Although the ground was covered with snow and Sharon had no operator's permit, upon defendant's suggestion she drove the automobile on a country road until they reached a main highway. Sitting in the middle, defendant put his arm around Doris and "kind of put his hand down her dress." She told him not to insult her. Thereupon defendant "kind of kissed her on the cheek and tried to laugh it off."

Without notice to James, Doris on March 14, 1963, abandoned her family. Her car was discovered on a street in Ord with a message that she had gone to Omaha. Instead she telephoned defendant at Albion for transportation from Ord to Grand Island. He complied.

A decree of absolute divorce was rendered June 27, 1963, in favor of James on his cross-petition; and he was awarded custody of the three minor children.

A post-decree investigation influenced an appraisal of the behavior in question. Trial commenced January 20, 1964. Doris had not remarried. Defendant was living in Grand Island in a home which he had purchased, and trailer number 55 at the Roush Trailer Courts was listed in his name on a directory board. The preceding January 9th, 10th, 11th, and 13th, a private investigator on two occasions each date saw an automobile registered to Doris at this address and parked next to the trailer. At the same times he saw defendant's automobile parked across the end of the trailer court. The hours varied from 10:15 p.m. to 3 a.m. Once the investigator observed a light in the trailer, but at no time did he see defendant, Doris, or anyone else there. She testified that she was a tenant.

Prior to the separation of the Hansens their marital relation was good. After separation James and the minor children worked together to maintain the home.

The evidence sustains the verdict. One who actively, purposely, and without privilege alienates a wife's affections from her husband is liable for that loss of consortium of which the actor's conduct is the controlling cause. See, Baltzly v. Gruenig, 127 Neb. 520, 256 N. W. 4; Sonneman v. Atkinson, 121 Neb. 752, 238 N. W. 532; Phelps v. Bergers, 92 Neb. 851, 139 N. W. 632; Trumbull v. Trumbull, 71 Neb. 186, 98 N. W. 683; Restatement, Torts, § 683, p. 469.

On the subject of instructions, complaint is made that defendant ran a risk of nonpersuasion because of instruction No. 10: "In determining whether a party has sustained the burden of proof placed upon him by these instructions, you are not limited to the evidence introduced by such party. Either party is entitled to the benefit of any evidence tending to establish his contentions, * * *."

. All instructions are considered together. See In re Estate of Kinsey, 152 Neb. 95, 40 N. W. 2d 526. Defendant's answer is a general and specific denial. The instruction in which the court submitted the issues commences: "The burden of proof in .this. action is on the plaintiff * * *." Another instruction conveys a similar. theme. In this setting, instruction No. 10 contains no prejudicial error. See Nye-Schneider-Fowler Co. v. Chicago & N. W. Ry. Co., 105 Neb. 151, 179 N. W. 503.

Defendant points to the refusal of five instructions tendered by him. The court carefully, clearly, and correctly embodied in its instructions all applicable principles requested. Defendant was protected. See Sonneman v. Atkinson, *supra*.

The verdict of $5,000 is not excessive. It falls within the rule announced in Baltzly v. Gruenig, *supra:* "Courts will seldom interfere with the finding of the jury in such actions, for the reason that there is no method of determining exactly the proper pecuniary compensation which should be awarded."

The trial court correctly overruled defendant's motion for judgment notwithstanding the verdict or in the alternative for a new trial. The judgment on the verdict should be, and is, affirmed.

AFFIRMED.