LEANNE M. KREMER, APPELLEE, v. SHERYL BLACK, APPELLANT.

268 N. W. 2d 582

Filed July 26, 1978. No. 41573.

Donald H. Bowman and Michael O. Johanns of Peterson, Bowman, Larsen & Swanson, for appellant.

Charles I. Scudder, for appellee.

Heard before WHITE, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and FAHRNBRUCH, District Judge.

WHITE, C. J.

The plaintiff, Leanne M. Kremer, recovered a judgment in the sum of $10,000 on a cause of action for criminal conversation, and defendant Sheryl Black appeals. Summarized, the defendant contends that the court should judicially abolish the cause of action for criminal conversation; that there was prejudicial error in the admission of testimony as to the financial ability of the defendant; and that the verdict is excessive. We reject the contentions of the defendant and affirm the judgment of the District Court.

Since no question as to the sufficiency of the evidence has been raised, a brief background statement of the essential facts is all that is necessary for a determination of the issues presented. The plaintiff wife met Donald Kremer early in 1975. They were married on February 14, 1976. The evidence shows that the plaintiff and Donald Kremer began having trouble and physically separated about July 21, 1976. The petition for dissolution of the marriage

was instituted by Donald Kremer, plaintiff's husband, on August 16, 1976, and the decree of dissolution was entered in the District Court for Douglas County, Nebraska, on March 1, 1977. The evidence supports the conclusion that during the whole period of the marriage and the courtship in 1975, the plaintiff and Kremer had numerous difficulties and fights, and temporary separations, but would become reconciled and continue their relationship. The defendant's testimony is that she began staying with Kremer in the second week of August 1976, after the physical separation of the parties, but before the petition for dissolution of the marriage had been filed by Kremer. In the period following the separation and the filing of the action for dissolution, the defendant and Kremer lived together. Sexual relationships between them were admitted. There was further testimony as to the financial condition of the plaintiff and plaintiff's former spouse, which will be referred to later in this opinion.

On appeal the defendant assigns as error that the court failed to instruct the jury that the elements of malice, intent, and causation must be proved to allow recovery for criminal conversation. The defendant concedes that these are not elements of the action, and cites no authority to support this precise contention. She concedes that there is a lack of defenses, once sexual intercourse is proven with the extramarital defendant prior to the termination of the marriage. Also conceded is that damages in all cases are presumed and that no fixed rule exists for their measurement. See Breiner v. Olson, 195 Neb. 120, 237 N. W. 2d 118 (1975).

The defendant's argument is, in fact, a spirited attack against the existence of the common law action of criminal conversation, and a plea to this court for the judicial abolition of the action. It is true that 11 states have by statute eliminated criminal conversation as a cause of action. The defendant strongly

argues, on policy grounds, the propriety of permitting such an action where, as here, the plaintiff's own husband is the seducer of the defendant. She urges, and finds support in critical law reviews, it should be a defense that the plaintiff and her spouse were separated at the time the acts complained of occurred. She also argues the reasoning developed at common law behind stripping a defendant of all defenses to an action in criminal conversation, save the plaintiff's consent, no longer, under present social conditions, merits endorsement. The defendant argues that due to the presumption of damages in criminal conversation, and the presence of emotional and moral indignation, the awards of damages tend to be punitive in nature and bear no real relation to pecuniary loss.

The common law is well settled that the sexual relation of marriage is one that must be maintained inviolate for the well-being of society. The law protects the right of one spouse to have exclusive marital intercourse with the other. Whenever a third person commits adultery with either spouse, he or she commits a tortious invasion of the rights of the other spouse, from which a cause of action for criminal conversation arises. See 41 Am. Jur. 2d, Husband and Wife, § 476, p. 402.

The defendant would have us reexamine the different conflicting policy considerations involved, and, in effect, abolish the cause of action for criminal conversation as it presently exists. The answer to that is simply that this court has consistently upheld a spouse' right of recovery for criminal conversation. Two of these cases are quite recent. White v. Longo, 190 Neb. 703, 212 N. W. 2d 84 (1973); Breiner v. Olson, *supra*, (1975); Hansen v. Strohschein, 178 Neb. 367, 133 N. W. 2d 598 (1965); Smith v. Meyers, 52 Neb. 70, 71 N. W. 1006 (1897). See, also, The Case for Retention of Causes of Action for Intentional In-

terference with the Marital Relationship, 48 Notre Dame Lawyer 426 (1972).

The defendant, in effect, asks this court to judicially legislate the cause of action for criminal conversation out of existence. The merit of defendant's argument is a question properly for the Legislature and it is the appropriate forum for a decision to abolish the cause of action. Under the fundamental principle of the division of powers in our government, judicial intrusion and investigation into social policy-making areas is forbidden. The authority that the defendant's research reveals illustrates the problem. Defendant, in effect, calls on this court to define and strike the balance on the volatile moral issues involved. Even a minimum of judicial restraint would indicate that the Legislature is the proper forum for relief, if such is advisable. We reject the contention that the cause of action for criminal conversation should be abolished.

The defendant argues the District Court erred in admitting evidence relating to the financial standing of the plaintiff and her former spouse. The plaintiff offered into evidence exhibit 2, which consists of handwritten notations of deposits in her checking account from January 17, 1975, to August 19, 1976. Additionally, the plaintiff offered into evidence copies of her bank statements covering approximately the same period. The plaintiff also testified as to her income and Donald Kremer's income during the time they lived together. It is noted that there is no contention here there was an attempt to introduce in evidence the assets of or the capacity of the defendant to respond to damages. In the recent case of Breiner v. Olson, *supra*, this court stated as follows: "In the absence of evidence of some special element of damage for which the law provides a specific means of measurement, it is the general rule that in an *action for criminal conversation* damages are incapable of precise measurement and there is

no fixed rule for determining the amount thereof." (Emphasis supplied.) Furthermore, in Breiner v. Olson, *supra*, this court specifically held, in determining the validity of an instruction in a criminal conversation case, that the jury could consider: "* * * the actual misconduct of defendant, the social relations of the parties, the existence of or lack of affection between the spouses, the destruction of plaintiff's home and happiness, *and the pecuniary situation of the parties*; and it has been held that the damages recoverable are fair compensation to plaintiff for the wrong so done him or her * * *." (Emphasis supplied.) There is no merit to this contention.

The third assignment of error is that a new trial should be granted due to the excessiveness of the damages which, it is contended, were clearly awarded due to the passion and prejudice on the part of the jury. The defendant cites only one Nebraska case, Breiner v. Olson, *supra*. In that case, this court made the general statement that a jury verdict in a criminal conversation action should be set aside as excessive only where it clearly appears that the award was the result of passion and prejudice on the part of the jury. We observe in the Breiner case, in which the evidence was substantially similar to the present case, this court sustained a judgment in the sum of $25,000. In that case there was proof of only one act of intercourse, and no direct evidence of pecuniary damage, and, as here, the jury returned a verdict for the defendant in the accompanying action for alienation of affection. In White v. Longo, *supra*, a recent case, this court approved a verdict for $12,500 for criminal conversation. In the latter case, it is significant that the parties were physically separated long before the action was brought.

We point out that in the present case the marriage between the plaintiff and her spouse lasted 13

months. There is testimony to support that it was a good marriage during extended periods of time in this period. They had reconciled their disputes many times before. The plaintiff's spouse moved out of their home and into the home of the defendant at the beginning of August 1976. He did not initiate an action for divorce until August 16, 1976. There is evidence to support the finding that the plaintiff attempted in numerous ways to convince her spouse to return to their family home during this period of time, all to no avail. The evidence does sustain the finding that the act of criminal conversation occurred before the petition for dissolution of the marriage was actually filed. In Hansen v. Strohschein, *supra*, this court held that a verdict of $5,000 was not excessive in a criminal conversation action because it fell within the rule announced in Baltzly v. Gruenig, 127 Neb. 520, 256 N. W. 4 (1934), which stated: "Courts will seldom interfere with the finding of the jury in such actions, for the reason that there is no method of determining exactly the proper pecuniary compensation which should be awarded."

We have examined the contentions of the defendant and find they are without merit. The judgment of the District Court is correct and is affirmed.

AFFIRMED.

McCown, J., dissenting.

The majority opinion perpetuates the anachronistic common law cause of action for criminal conversation with all its traditional legal rules and boundaries upon the ground that "this court has consistently upheld a spouse' right of recovery for criminal conversation."

The majority opinion proceeds upon two assumptions. It assumes first that the rules of law relating to a common law cause of action for criminal conversation cannot or should not be altered or modified but, instead, assumes that the common law cause of action for criminal conversation with all its

traditional interpretations must either be completely retained or completely abolished. The second assumption is that only the Legislature can alter, amend, or abolish a common law cause of action for criminal conversation, and that any judicial attempt to alter common law rules which courts have traditionally applied to a cause of action for criminal conversation is a usurpation of legislative authority and a forbidden intrusion into "social policy-making areas."

At the time the common law cause of action for criminal conversation arose, divorce was virtually unknown, and the lack of defenses to the action reflected the then current attitude of society toward adultery and sexual misconduct, as well as the fact that married women had almost no legal rights. Since the passage of married women's property acts in this country the cause of action is now equally available to husbands and wives, but the defenses to a cause of action for criminal conversation, unlike the defenses to other common law causes of action for intentional interference with the marital relationship, remain almost nonexistent. In essence, a common law cause of action for criminal conversation is established by proving sexual intercourse with a married person, and general damages are presumed without proof of actual damage. Once a single act of intercourse with a married person is proved, the only defense at common law is the consent of the aggrieved spouse. It is no defense to an action for criminal conversation that the defendant did not know the other person was married, nor that the married person misrepresented himself or herself to be unmarried.

As late as 1949, the Supreme Court of Pennsylvania said: "A man who has sexual relations with a woman, not his wife, assumes the risk that she is married. Even her misrepresentation that she is single affords the offender no defense to liability for

criminal conversation." Antonelli v. Xenakis, 363 Pa. 375, 69 A. 2d 102.

Virtually all legal writers in the modern era agree that the common law cause of action for criminal conversation has afforded a fertile field for black-mail and extortion by means of manufactured suits, and that even genuine actions are more frequently than not brought with purely mercenary or vindictive motives, and that damages recovered are usually large and punitive. See, Prosser, Law of Torts (4th Ed.), § 124, at p. 887; Criminal Conversation: Civil Action for Adultery, 25 Baylor L. Rev., p. 495; The Case for Retention of Causes of Action for Intentional Interference with the Marital Relationship, 48 Notre Dame Lawyer, p. 426.

As a result of the injustice inherent in the traditional common law action and the consequent abuses, approximately a dozen states have abolished the cause of action for criminal conversation by statute, and Pennsylvania has now abolished the cause of action by judicial decision. See Fadgen v. Lenkner, 469 Pa. 272, 365 A. 2d 147 (1976).

The more persuasive view, however, is that the marital relationship should be protected in those cases of serious and genuine wrong, and that the preferable method of accomplishing that result is by altering the rules governing the common law action for criminal conversation rather than by abolishing the cause of action entirely. See, Prosser, Law of Torts (4th Ed.), § 124, at p. 888; 48 Notre Dame Lawyer, at p. 433.

A cause of action for criminal conversation ought to be treated in the same fashion as the other common law causes of action for intentional interference with the marital relationship. An intention to interfere with a marital relationship should not be presumed where the defendant does not know, or have reason to know, that the other individual is married, or has been actively misled into believing

the other individual was unmarried. Such facts should constitute a complete defense to an action for the intentional tort of criminal conversation.

The other major injustice perpetuated by continuing the traditional cause of action for criminal conversation is in the area of damages. At the time the cause of action for criminal conversation arose, great and substantial damage was presumed to result to any marital relationship without proof of specific damage, no matter what the kind and quality of the marriage may have been. Blackstone reported in 1768 that "damages recovered are usually very large and exemplary." 2 Cooleys, Blackstone Commentaries, at p. 140. The fact that the husband and wife were separated, or that the marital relationship had been completely and permanently breached before the sexual misconduct occurred, was generally immaterial, not only on the issue of defenses but on the issue of damages.

In this century courts in this country have generally permitted the introduction of evidence of complete and permanent separation and evidence of the quality of the particular marital relationship, but have restricted the consideration of such evidence by the jury solely to the issue of damages. At the same time, most courts have held that after a complete and permanent breach of a marital relationship, as by separation, there can be no liability, and hence no damages, for enticement, harboring, or alienation of affections. See Prosser, Law of Torts (4th Ed.), § 124, at p. 878, footnote 15 and cases there cited. Meanwhile juries in criminal conversation cases continue to return very large verdicts reflecting exemplary and punitive awards. It should be the rule that when the conduct which forms the basis for an action for criminal conversation occurs after a permanent separation of the plaintiff and his or her spouse, and a decree of divorce follows, damages for criminal conversation, at most, should be

restricted to nominal damages, in the absence of proof of special damages.

The case at bar is an obvious one for the application of these two rules. The plaintiff and her husband had both been married before. They lived together before this marriage, and there was evidence that both of them had been involved in extra-marital affairs. The marriage was a stormy one at best, and they actually lived together after the marriage for a period of a little more than 5 months. They permanently separated on July 21, 1976. Petition for dissolution of the marriage was filed on August 16, 1976, and the divorce decree was entered on March 1, 1977. There was substantial evidence that the relationship between the defendant and the plaintiff's husband had its inception after the permanent separation of the plaintiff and her husband. The plaintiff's husband was clearly the aggressor, and it is undisputed that he told the defendant his marriage was at an end and definitely over. The jury obviously accepted that version of the facts since it found in favor of the defendant on the cause of action for alienation of affections.

Under the instructions, which followed the old common law rules, the jury was nevertheless allowed to bring in a verdict for general damages of $10,000 with an almost complete lack of evidence in the record as to pain, suffering, injury to health, degradation, or humiliation suffered by the plaintiff. It should also be pointed out that in Nebraska punitive or exemplary damages are not ordinarily allowed.

In addition, the jury was permitted to consider extensive evidence as to the financial standing not only of the plaintiff and the defendant but of the plaintiff's former husband, who was not even a party to the action. The defendant attempted to offer into evidence the decree of divorce. The offer was denied, although the court did allow the parties to

stipulate that a divorce decree was entered on March 1, 1977.

The majority opinion in this case refuses to abrogate or modify the common law cause of action for criminal conversation upon the ground that "this court has consistently upheld a spouse' right of recovery for criminal conversation." The cause of action for criminal conversation was of judicial origin and the rules as to defenses and damages were and are court-made rules. An unjust or irrational principle or rule of law should not be allowed to persist on the hollow ground that changing an antiquated rule is a job for the Legislature. See 16 Kan. L. Rev. 265, at p. 273.

Section 49-101, R. R. S. 1943, provides: "So much of the common law of England as is applicable and not inconsistent with the Constitution of the United States, with the organic law of this state, or with any law passed or to be passed by the Legislature of this state, is adopted and declared to be law within the State of Nebraska."

In State ex rel. Johnson v. Tautges, Rerat & Welch, 146 Neb. 439, 20 N. W. 2d 232, this court held: "The courts have the power to modify the common law, adopting such of its principles as are applicable and rejecting such others as are inapplicable. * * * No rule of the common law could survive the reason on which it was founded. It needed no statute to change it but abrogated itself."

Citation of authority should not be required to establish that the common law cause of action for criminal conversation is of judicial or common law origin, and that this court has power to modify it in the absence of legislative action to the contrary. As this court said in Brown v. City of Omaha, 183 Neb. 430, 160 N. W. 2d 805, a case dealing with governmental immunity from common law tort liability: "Both the Legislature and this court have power to act to change the doctrine and it may well be that

the Legislature will have the ultimate word. This would seem to be a poor reason to avoid the court's obligation to modify the common law to serve the requirements of justice in a modern society. We ought not to thrust upon the Legislature the sole responsibility for injustice on the ground that, 'Thus it was said in the reign of Henry IV,' nor even on the ground that any change would constitute the traditionally condemned heresy of judicial legislation.''

The common law cause of action for criminal conversation, under its traditionally accepted rules, is an anachronism in the world of today. It should be modified to protect the sanctity of the genuine home and marital relationship, but its injustices should not be continued for the benefit of mercenary or vindictive spouses simply because our previous decisions have followed the traditional rules for a very long time. Justice should not be so readily sacrificed on the altar of stare decisis.

In the case now before us the verdict of the jury was punitive, and the punishment was directed at the wrong person. Under the suggested modifications of the common law cause of action for criminal conversation, and the circumstances of this case, the judgment should be modified by reducing it to a nominal amount.

WHITE, C. THOMAS, J., joins in this dissent.