State v. Wilson.

THE STATE v. WILSON.

1. **Criminal law**: ADULTERY: PROOF OF MARRIAGE.—In a prosecution for adultery, record evidence is not indispensable to prove the marriage, and the fact may be so established by the testimony of either the husband or wife, corroborated by proof of their long and continued cohabitation as such, as to throw the burden of proof upon the defendant to rebut the presumption of legal marriage arising from such evidence.

2. —— WHO MAY BE PROSECUTED. Under section 4347 of the Revision of 1860, an unmarried person may be *alone* indicted and convicted upon the complaint of the husband or wife (as the case may be) of the person with whom the adultery was committed.

*Appeal from Mitchell District Court.*

MONDAY, JUNE 17.

ADULTERY: PROOF OF MARRIAGE: CONSTRUCTION OF STATUTE.— The indictment avers that Mary Wilson, an unmarried woman, did, on the 30th day of October, 1865, commit the crime of adultery with one Thomas Hawthorne, the lawful husband of one Hannah Hawthorne. The indictment further avers that the prosecution was commenced and the bill found on the complaint of the said Hannah. The indictment was against Mary Wilson

alone. Plea, not guilty. Trial and verdict of guilty, upon which, after denying a motion for a new trial, the court rendered judgment. Defendant appeals.

*G. C. Wright* and *J. L. Foster* for the appellant.

*F. E. Bissell*, Attorney-General, for the State.

DILLON, J. — I. This indictment is found under section 4347 of the Revision. No question was made upon its sufficiency. The first question is upon the mode of proof of marriage of said Thomas and Hannah Hawthorne, at whose instance the indictment was found.

*1. CRIMINAL LAW: adultery: proof of marriage.*

On the trial, Hannah Hawthorne was produced as a witness by the State, and testified, without objection, that she was married in Canada East, in 1846, to the said Thomas, by a Baptist minister; that she had ever since lived with the said Thomas as his wife, and had borne him eight children. Some of these children were witnesses. The defendant herself called Thomas Hawthorne as a witness in her behalf. The fact of the relationship of husband and wife between Thomas and Hannah, everywhere crops out of the evidence, and is nowhere and by no witness denied. The defendant asked, in substance, the court to charge the jury that evidence of this character was insufficient to establish the marriage, and also that it was necessary to prove that the marriage was solemnized by a person authorized by the laws of Canada, and in accordance with those laws. This the court refused, but, on the contrary, told the jury " that the testimony of either the husband or wife, as to the fact of the marriage, together with proof of continued cohabitation as husband and wife, raise such a presumption of an actual legal fact as to make it incumbent on the defendant to rebut such presumption."

It is our opinion that record evidence of marriage is not indispensable, and that the law as laid down by the court enunciates the correct rule. In so holding, we are aware of the state of the authorities touching this question, but do not deem it necessary to enter at large upon its discussion. We have heretofore made a similar ruling in relation to bigamy, where the rule should be at least as stringent as in a prosecution for adultery. *State* v. *Williams*, 20 Iowa, 98.

No objection was taken against the instruction as trenching on the jury's province to pass upon and determine the weight and effect of evidence.

II. The next and only remaining question is as to the mode in which the prosecution was commenced. The statute provides (§ 4347) "that when the crime is committed between parties, only one of whom is married, both are equally guilty of adultery, and shall be prosecuted accordingly. No prosecution for adultery can be commenced but on the complaint of the husband or wife."

2. —— who may be prosecuted.

Under the statute, it is an indisputable proposition that an unmarried person may commit the crime of adultery, and is liable to be punished therefor. The statute makes the unmarried person and the married person equally guilty.

In this case the wife made complaint before the grand jury. The jury indicted the defendant only. The defendant asked the court to charge the jury, "that no person can, under the statute, make complaint but the husband or wife of the person charged with the adultery." This the court refused to do. As Mary Wilson had no husband, to give this instruction, would be to say that she was not liable to prosecution and punishment, when the statute says precisely the contrary. Defendant also asked the court to charge "that, in order to hold the

defendant, the prosecuting witness must have complained of, and the grand jury have found an indictment against Thomas Hawthorne, the person charged with defendant as *particeps criminis.*" Thus to charge, the court also refused; but said to the jury that "under the statute the crime of adultery can be committed by persons, only one of whom is married; and either party can be indicted, tried and convicted without the other, so long as the prosecution is on the complaint of husband or wife."

In the *State* v. *Roth* (17 Iowa, 337), the court were not able to agree as to the construction of the statute, and its application to that case. It is not proposed to re-enter upon an examination of the questions there discussed. We all agree in this case that Mary Wilson, if guilty, as the jury found, may be punished, though she had no husband to make complaint; that it was competent for the injured wife of the paramour of the defendant to make complaint, and that the grand jury were not bound to indict both or neither.

Affirmed.