## Kilburn v. Mullen.

1. **Evidence:** CHILD OF TENDER AGE. Where in an action the defendant introduced as a witness, a girl of between eight and nine years of age, who, upon the objection of plaintiff, was not allowed to testify, for the reason that she did not understand the nature of an oath, the Supreme Court refused to interfere with such ruling, not being satisfied from the record that the same was erroneous.

Kilburn v. Mullen.

2. —— CONSTITUTIONAL LAW. Section 4, article 1, of the State Constitution, which allows parties "to use as a witness any person not disqualified by interest," assumes that the person offered shall be possessed of sufficient capacity to understand the obligation of an oath.

3. —— CRIM. CON.: DECLARATIONS OF WIFE. In an action of *crim. con.*, the defendant propounded to one of his witnesses this question: "Have you heard complaints from plaintiff's wife, prior to March, 1863, in respect to plaintiff's refusing and neglecting to support her, and if so, state what she said." *Held*, that there was not sufficient point or definiteness in the question to justify the reversal of the judgment on the ground of its rejection; especially when the witness was afterward allowed to state that to be true in fact, of which it was proposed to show the wife had made complaint.

4. —— GENERAL MORAL CHARACTER: SPECIFIC VICE. A question as to what a witness' character for chastity is, does not call for his general moral character, upon the want of which his credibility is sought to be impeached (Rev., § 3991); and is, hence, improper.

5. —— GROUNDS OF OBJECTION MUST BE STATED. Exceptions to the admission or exclusion of evidence will not be regarded unless the grounds of objection be stated.

6. —— EVIDENCE OF MARRIAGE. Record evidence is not indispensable to prove a marriage; and the fact may be established by witnesses having knowledge thereof. Following *State* v. *Williams* (20 Iowa, 98), and the *State* v. *Wilson, ante.*

7. New trial: NEWLY DISCOVERED EVIDENCE. A new trial will not be granted on the ground of newly discovered evidence, when the application fails to show adequate diligence.

*Appeal from Black Hawk District Court.*

WEDNESDAY, JULY 3.

EVIDENCE: AGE OF WITNESS: GENERAL MORAL CHARACTER: PROOF OF MARRIAGE, ETC.: CRIMINAL CONVERSATION.—Trial to jury, verdict for plaintiff for $5,000. Motion for new trial overruled, and defendant appeals.

The questions made and the further necessary facts appear in the opinion.

· *W. T. Barker* for the appellant.

*Bagg & Allen* for the appellee.

DILLON J.—I. It is first assigned as error, that the court refused to allow Mary Kilburn to be sworn as a witness, and to testify in the cause. She was the daughter of the plaintiff, but was produced and offered as a witness by the defendant. "Plaintiff objected to her being sworn, and being questioned by the court, she stated that she would be nine years old next fall." (This trial was in May). The defendant then stated what he proposed to prove by the witness. The bill of exceptions then adds: "Objection of plaintiff sustained, and the witness was not allowed by the court to be sworn, for the reason that she did not understand the nature of an oath, to which defendant excepted." There were over twenty witnesses examined, and at the end of the bill of exceptions it is stated that it contains all of the testimony. But the proposed witness was not allowed to give testimony. We are not satisfied that the court made no further inquiry of the little girl, than the one concerning her age. Being considerably less than nine years of age, the presumption in favor of capacity to understand the obligation of an oath would, at most, not be very strong. The court below saw the witness, and the record does not satisfy us that there was error in excluding her from testifying.

*1. EVIDENCE: child of tender age.*

Appellant insists that under the Constitution (§ 4, art. 1), which allows parties "to use as a witness any person not disqualified by interest," etc., he had the right to her testimony, arguing that the word "person" includes "child;" that there is no exception to competency to testify, except interest, which is expressly mentioned. But the Constitution assumes that the person offered as a witness shall be possessed of understanding

*2. —— constitutional law.*

enough to appreciate the nature and to feel the obligations of an oath. And this the statute requires. Rev., § 3978. This section does not conflict with the provision of the Constitution above referred to. § 4, art. 1.

II. Defendant propounded to Hannah Warren one of his witnesses, this question: " Have you heard complaints from plaintiff's wife, prior to March, 1863, in respect to plaintiff's refusing and neglecting to support and maintain her, and if so, state what she said?" Plaintiff's objection was sustained, and defendant excepted. The witness proceeded: " I have been in plaintiff's house when his wife was destitute of the comforts of life; he left her, when her child was a babe, destitute, and for several days without wood."

3. —— crim. con.: declarations of wife.

Defendant claims that the rejected testimony should have been received, because it is material in actions for *criminal conversation,* to ascertain upon what terms the husband and wife lived together before the seduction, and competent to show this by their language and deportment toward each, their correspondence together, and conversation and correspondence with third parties. 1 Greenl. Ev., § 102; 2 Id., §§ 55, 56; *Gilchrist* v. *Bale,* 8 Watts (Pa.), 355.

The defendant simply offered to show by the wife's declaration to the witness, that she had complained of being left without adequate support. This might well be, without the destitution proceeding from the fact that the parties lived together upon bad terms.

There is not sufficient point, certainty and definiteness to the proposed testimony to justify a reversal because of its rejection; the more especially as the witness was allowed to state that to be true in fact, of which it was proposed to show the wife had made complaint.

III. Defendant called as a witness one Mrs. Mattock, who gave testimony tending to show that the plaintiff's

4. —— general moral character: specific vice. wife was "no better than she should be." In rebutting, plaintiff recalled one Sampson Lain, and put to him this question: "What is Mrs. Mattock's character for chastity? Objected to by defendant as incompetent and improper; overruled by the court, and defendant excepted." The witness answered: "Mrs. Mattock has a bad character for chastity."

On the trial, the defendant, among other instructions, asked the court to give the following: "The general moral character of a witness may be given in evidence to test his credibility, but particular acts of immorality, such as want of chastity, are not competent to be given in evidence to discredit the testimony of a witness." Which instruction was *given* by the court, modified as follows: "*Testing* the credibility of a witness is giving to his testimony only such weight as the jury conclude it is entitled to in view of its consistency with other facts proven in the case, and the corroborating circumstances, if any, appearing in proof in the case. Defendant excepted to the modification.

Relating to the general subject is the following statutory provision: "The general moral character of a witness may be proved for the purpose of testing his credibility. Rev., § 3997.

Respecting the mode of saving objections to rulings of this character, is the following provision of the statute: 5. —— grounds of objections must be stated. "If the exception is to the admission or exclusion of evidence, oral or written, the ground of objection must be also stated, and no other shall be regarded." Rev., § 3107.

The question in relation to Mrs. Mattock's character was improper; no foundation as to the knowledge of the witness was laid (but this objection was not made), nor did the question call for her general moral character. Upon the whole record we are of the opinion that the attention

of the court was not called, by the ground of objection stated, to the *precise* point now urged, viz.: that the question did not call for the "general moral character" of the witness, but referred to a specific vice. For when this point was distinctly presented by a request to charge, the court gave the law as the defendant claimed it to be. The modification did not change the rule, but only undertook to define what the statute meant by "testing the credibility" of a witness.

We do not see here, error of such materiality as to justify us in reversing the judgment, the more especially, as, upon the whole case, and we have all the evidence, we are satisfied that the action of the court now under consideration worked no prejudice to the appellant. Rev., § 3111.

IV. There was no error in the charge of the court respecting proof of marriage between the plaintiff and 6. —— evidence his wife, alleged to have been seduced by the of marriage. defendant.

The court followed the rule on this subject, adopted by this court in *The State* v. *Williams* (20 Iowa, 98); and in *The State* v. *Wilson*, at present term.

V. The application for a new trial, on the ground of newly discovered evidence, fails to show adequate dili-7. NEW TRIAL: gence; but considering the residence of the newly discovered evidence. witnesses, and the nature of the facts to be proved, etc., shows negligence, or at least does not sufficiently negative it. We see no error in the record, at least none which would justify a reversal of the judgment without interfering with the just province of the jury.

Affirmed.