[Filed May 19, 1885.]
## JACOBSEN *v.* SIDDAL.

CRIMINAL CONVERSATION — EVIDENCE OF THE MARRIAGE. — In an action of criminal conversation the marriage may be proved by the testimony of eye-witnesses or the parties themselves. The certificate of the marriage is not essential.

EVIDENCE — NONSUIT. — Where incompetent evidence is admitted without objection in the course of a trial, the court will treat it as competent on motion for nonsuit.

ID. — GIST OF ACTION — EFFECT ON RELATION OF PARTIES. — The gist of the action is not alone loss of service but of the society and comfort of the wife; the plaintiff had a right to show the terms upon which he and his wife lived together, and the practical consequences to their married life from the injury alleged.

WASCO COUNTY.    Plaintiff appeals.    Reversed.

The facts appear in the opinion.

*J. H. Bird,* for Appellant.

In a case of this character any evidence of the marriage is competent, the effect whereof is not derived from the presumed innocence of a cohabitation reputed matrimonial. (1 Bish. M. & D. 8th ed. §§ 482–487, *et seq.; The State* v. *Winkley,* 14 N. H. 480.) In this case the marriage was proved by the persons who were present at its solemnization. Such testimony is

not only competent, but it is the very best that the nature of the case admits of.   (1 Bish. M. & D. § 494; *State* v *Kean*, 10 N. H. 347; S. C. 34 Am. Dec. 162; *Com.* v. *Norcross*, 9 Mass. 492; *Com.* v. *Littlejohn*, 15 Mass. 163; *Hutchins* v. *Kimmell*, 31 Mich. 126.)   When the celebration is testified to by the persons who were present at it, the law presumes that everything necessary to uphold the marriage has been regular and according to law. (*Hutchins* v. *Kimmell, supra; State* v. *Kean, supra; Hayes* v. *The People*, 25 N. Y. 390; Whart. Crim. Ev. §§ 827, 828, n., 835.)   It is immaterial whether the act complained of was done with or against the consent of the wife.   (2 Hill. Torts, 506, § 17; *Egbert* v. *Greenwalt*, 44 Mich. 245; *Forsythe* v. *State*, 6 Ohio, 23.)   The primary and essential injury to the husband is the corrupting of the body of the wife, and for this alone he is entitled to substantial damages.   (*Bigaouette* v. *Paulet*, 134 Mass. 123.)   It was error not to allow the witnesses to testify what effect the criminal acts of the defendant produced on her body and mind.   (See *Knight* v. *Wilcox*, 18 Barb. 212; *Abrahams* v. *Kidney*, 104 Mass. 222; *Blagge* v. *Ilsley*, 127 Mass. 191.)

*W. Lair Hill*, and *F. P. Mays*, for Respondent.

The basis of the plaintiff's right to recover, if at all, arises from his relation to Martha Jacobsen, and that relation must be proved by direct evidence.   (Cooley Torts, pp. 226, 227, and cases there cited; *State* v. *Hodgskins*, 19 Me. 155; S. C. 36 Am. Dec. 742; 2 Greenl. Ev. § 461; 2 Hill. Torts. § 1, p. 508.)   The gist of this action is in the loss to the husband of some kind of services of the wife.   (Cooley Torts, pp. 226, 227, and cases there cited; 2 Sedgwick Damages, p. 545, n.; *Joch* v. *Dankwardt*, 85 Ill. 331.)

LORD, J. — This action was brought by the plaintiff to recover damages for alleged criminal conversation with his wife.   Upon issue being joined the trial proceeded, and the plaintiff gave and offered the evidence set forth in the bill of exceptions, when the defendant moved the court for a nonsuit upon the grounds, (1)

that plaintiff had failed to prove the alleged marriage; (2) that he had failed to prove any damages sustained by him, or any facts from which a jury would be authorized to find damages for the plaintiff; and (3) that he had failed to prove a cause sufficient to be submitted to a jury. The court below granted the motion, and judgment was entered in favor of the defendant for costs, from which this appeal has been taken.

The basis of the plaintiff's right to recover arises out of the alleged relation of husband and wife, and the fact of marriage must be proved by direct evidence. By the bill of exceptions it appears that after the plaintiff and his wife had testified directly to the fact of marriage, a certificate of the same was offered in evidence, to which several objections were made and sustained. Whether the objections were well taken or not is immaterial, as the plaintiff was competent to testify to the marriage. The contract of marriage, or its solemnization before a minister or magistrate, may be proved by the testimony of an eye-witness, and for this purpose a party is competent. In *Bissell* v. *Bissell,* 55 Barb. 329, the court say : —

"In cases affecting the legitimacy of issue, right of succession to property, and many other cases, such a contract may be proved by circumstantial evidence, by admission of the parties, by living together as man and wife, etc. But there is another class of cases, such as prosecutions for bigamy, *crim. con.*, etc., in which there must be direct evidence of the actual marriage. By actual marriage is meant, not the solemnization before a minister or magistrate, for, as has already been shown, no such solemnization is requisite, but what is intended is that the actual making of the marriage contract between the parties must be proved by direct evidence, and not left to be inferred from circumstances, and admissions, and the like. Until, by recent legislation, the wife was made a competent witness in actions in which her husband is a party, it is evident that when a marriage of this description was contracted in the absence of witnesses, there was no means of furnishing the direct proof required in this class of cases, and offenses of this description might be committed with comparative impunity. But now, the wife being made a com-

petent witness, her testimony, if corroborated and entitled to credit, is sufficient to establish the marriage.

The certificate, properly authenticated, or the record of the marriage, is not essential to the establishment of the relation of marriage, but the party may prove the fact of marriage. The record shows that both the husband and wife, in substance, testified that they were such, that they were married about eight years ago in Iowa, and that ever since they had lived together as husband and wife; and that this testimony was received without objection. In *Kilburn* v. *Mullen*, 22 Iowa, 503, the court held that record evidence is not indispensable to prove a marriage, but that the fact may be established by witnesses having knowledge thereof. This was an action for criminal conversation, and the court, by Dillon, J., followed the rule laid down in *State* v. *Wilson*, 22 Iowa, 364, in which he said:—

"We are aware of the state of the authorities touching this question, but do not deem it necessary to enter at large upon its discussion. We have heretofore made a similar ruling in relation to bigamy, where the rule should be at least as stringent as in a prosecution for adultery." (*State* v. *Williams*, 20 Iowa, 98.)

"Where direct evidence of the marriage is required," said Perly, C. J., "other evidence besides the register may be made by the testimony of witnesses present at the marriage, or of the parties themselves, when competent." (*State* v. *Marvin*, 35 N. H. 22. See also *Com.* v. *Norcross*, 9 Mass. 492; *Com.* v. *Littlejohn*, 15 Mass. 163.) Our statute has very materially invaded the common-law rule, and, subject to the restrictions enumerated, the husband or wife is a competent witness. (Code, §§ 700, 702; Abb. Tr. Ev. 684.) Subject to these limitations, and for the attainment of truth, it is not perceived why all persons having knowledge of the facts, and especially those ordinarily most conversant with them, the parties themselves, should not be permitted to testify. Besides, it seems if the testimony was incompetent, but was admitted without objection, the court will treat the testimony as competent on motion for nonsuit. (*Janson* v. *Brooks*, 29 Cal. 214.)

The next objection is that the court erred in excluding testimony offered to show the terms on which the plaintiff and his wife lived together, and the effect the criminal act produced on her body and mind. The substance of the allegation in the complaint is that the carnal intercourse was effected by forcible ravishment. The defendant contends that the gist of the action is loss of service. In a note to Chitty Pleading, margin, pages 642, note *b*, and 856, note *a*, it is said the wrong complained of is not immediate, but consequential; the gist of the action not being the supposed assault on the wife, but the consequent corruption of the body and mind of the wife. In *Weedon* v. *Timbrell*, 5 Term Rep. 360, Lord Kenyon said:—

"It is material to consider what is the gist of the action. The plaintiff contends it is the criminal act; but that I deny. I think it is a civil action, brought to recover satisfaction for a civil injury done to the husband, and not to punish the defendant for having broken the laws of morality and decency."

And it was held that the gist of the action was the loss of the society and comfort of the wife. It is the loss of consortship which is the gist of the action. " The plaintiff," said Allen, J., " cannot maintain this action for an injury to the wife only; he must prove that some right of his own, in the person or conduct of his wife, has been violated. . . . . His interest is expressed by the word '*consortium*'—the right to the conjugal fellowship of the wife; to her company, co-operation, and aid in every conjugal relation. . . . . The essential injury to the husband consists in the defilement of the marriage bed, in the invasion of his exclusive right to marital intercourse with his wife, and to beget his own children. This presumes the loss of the *consortium* with his wife; of comfort in her society, in that respect, in which his right is peculiar and exclusive." (*Bigaouette* v. *Paulet*, 134 Mass. 123; *Fry* v. *Derstler*, 2 Yeates, 278; *Wood* v. *Mathews*, 47 Iowa, 410; Abb. Tr. Ev. 685; 1 Chitty Plead. margin, 134, 167.) Nor are the rights of the plaintiff affected in such cases, whether the act was done by the consent of the wife, or was accomplished forcibly and against her will, except in aggravation or mitigation of the injury. " The common law, in giv-

ing this remedy, instead of making the husband's right of action depend on his wife having consented to her defilement, has invariably, whatever the truth might be, decisively assumed that she did not assent, but was overcome by force, and the action has been sustained just the same, whether, as a matter of fact, her will consented or she was outraged by actual violence." (Bac. Abr. "Marriage and Divorce," 551, 553; 3 Blackst. Com. 139; 1 Chitty Plead. 16th Am. ed. 140, 141, 150, 151, 188; 2 Hill. Torts, 507; *Forsythe* v. *State*, 6 Ohio, 23.) And there seems to be no basis in justice or policy for the position that, if the personal wrong is accompanied by circumstances of such atrocity as to elevate it to the public offense of rape, the private remedy is either taken away or suspended. (Cooley Torts, 86, 90; Graves, J., in *Egbert* v. *Greenwalt*, 44 Mich. 246.) The injury done the husband consists in the dishonor of his marriage bed, the loss of his wife's affection, and the comfort of her society, as well as any pecuniary injury for loss of services. The actual injury, and the extent of it, very greatly depends on their prior relations, and the consequences, as between them, resulting from her defilement or defection. The plaintiff had a right to show the terms upon which he and his wife had lived together, and the practical consequences resulting to their married life from the injury alleged. Upon the question of damages the relation of the plaintiff to his wife, the circumstances of their domestic life, etc., may be shown. (Cooley Torts, 224, 225; Hill. Torts, p. 509, § 21.) But this the counsel for the defendant concedes, and admits the error assigned to be well taken, if the gist of the action is not specifically for loss of services, and the pecuniary injury confined to it. But as the law is otherwise, the judgment must be reversed, and a new trial ordered.