## MATHEWS v. SILVANDER.

Where the issue was whether a certain woman was the wife of plaintiff, and plaintiff testified that he married her at a certain place at a certain time, the ceremony being performed by a minister of the gospel, that they lived together as husband and wife continuously thereafter for seventeen years, and that two children were born, the evidence was sufficient to show the marriage; record evidence being unnecessary..

(*Opinion filed May 4, 1901.*)

Appeal from circuit court, Brookings county.   HON. JULIAN BENNETT, Judge.

Action by Stephen E. Mathews against John A. Silvander. From a judgment in favor of plaintiff, defendant appeals.   Affirmed.

*Alexander & Hooker,* for appellant.

*Jones & Matthews* and *Matthews & Murphy,* for respondent.

FULLER, P. J.   Criminal conversation on the part of appellant with the wife of respondent is the gravamen of this action for damages, and the only assignment of error discussed in appellant's brief relates to the evidence introduced to establish the fact of mar-

riage. Briefly summarized, respondent testified, in support of the allegations of his complaint, that he married Emma Matthews, the woman in the case, at Richland Center, Wis., on the 12th day of June, 1879, and that the marriage ceremony was performed by Mr. Tree-worthy, a minister of the gospel; that they lived together as husband and wife continuously thereafter, until the 16th day of March, 1897; and that two children now surviving, were born to them as the result of such marriage. Although the objection that this evidence is "incompetent and irrelevant" is scarcely sufficient to justify a review of the action of the court in admitting the same, we cite with approval the following cases in support of the proposition that record evidence is not indispensable, in an action of this character, to prove marriage, but the same may be established by witnesses having personal knowledge of the fact; Jacobsen v. Siddal, 12 Or. 280, 7 Pac. 108; State v. Williams, 20 Lowa, 98; Com. v. Norcross, 9 Mass. 492; Bissell v. Bissell, 55 Barb. 325; Hutchins v. Kimmell, 31 Mich. 126; State v. Wilson, 22 Iowa, 364; Fleming v. People, 27 N. Y. 329. That, pursuant to a marriage contract duly solemnized, the marital relation was mutually assumed by the parties thereto, together with its rights, duties and obligations, clearly appears from competent evidence sufficient to establish the relation of husband and wife. Comp. Laws, § 2533. As such contract of marriage, followed by more than 17 years' of continuous cohabitation and recognition as husband and wife, stood proved by undisputed testimony and strongly corroborating circumstances, there is no merit in the contention of counsel that the existence of such fact was improperly assumed by the court in its charge to the jury, and that judgment appealed from is affirmed.