## FRED W. VOLLMER v. ROBERT STREGGE.

(147 N. W. 797.)

Criminal conversation — action for damages — marriage — proof of — evidence of plaintiff and wife — sufficient.

1. In an action to recover damages for criminal conversation, plaintiff and his wife each testified to the fact of their marriage, and such testimony is uncontradicted.

*Held*, that such testimony was competent and sufficient to establish the marriage contract as alleged in the complaint.

Instructions to jury — whole charge must be considered — issue — damages.

2. Appellant challenges the correctness of certain instructions to the jury, but when such instructions are considered in the light of the charge as a whole, and especially in the light of the fact that the sole issue submitted to the jury was that of the extent of plaintiff's damages, they were nonprejudicial to the defendant.

Admissions of defendant — argument of counsel — issue of amount of damages — no other ground for reversal will be heard.

3. Defendant admitted upon the witness stand that he repeatedly had illicit relations with plaintiff's wife as alleged in the complaint, and his counsel, in his argument to the jury, in effect told them that the sole question for their determination was that of the amount of damages which should be awarded

Note.—On the question of excessive damages in action for alienation of affections or criminal conversation, see note in 42 L.R.A.(N.S.) 582.

the plaintiff. In the light of these admissions, defendant will not be heard to urge in the supreme court any grounds for reversal not relating to the question of damages.

**Error — assignment of — requested instructions.**

4. Certain assignments of error are predicated upon the refusal of the trial court to give certain requested instructions, but such rulings are held nonprejudicial for reasons stated in the opinion.

**Error — requested instructions — refusal — charge as whole.**

5. Error cannot be successfully predicated upon rulings refusing to give requested instructions, where the charge, as given, substantially and accurately covers the matter embraced in the instructions thus requested.

**Damages — not excessive — magnitude of wrong — important trial.**

6. The damages awarded to the plaintiff by the jury were small considering the magnitude of the wrong concededly perpetrated by defendant upon plaintiff's marital rights. There is no contention that such damages were excessive, or that the jury, in assessing the same, was actuated by passion or prejudice; and a consideration of the entire record satisfies us that defendant had an eminently fair and impartial trial, free from errors of a prejudicial character. In the light of the facts, it is held that defendant has no cause for complaint upon any of the grounds urged in his assignments.

Opinion filed May 9, 1914.

Appeal from District Court, McHenry County, *A. G. Burr*, J.

From a judgment in plaintiff's favor and from an order denying a new trial, defendant appeals.

*F. J. Funke* and *E. R. Sinkler*, for appellant.

In an action for damages for criminal conversation, the marriage between plaintiff and his wife must be proved by direct evidence, and not by mere circumstances, such as cohabitation or reputation. Dann v. Kingdom, 1 Thomp. & C. 492; Catherwood v. Caslon, 13 Mees. & W. 261, Car. & M. 431, 13 L. J. Exch. N. S. 334, 8 Jur. 1076; Case v. Case, 17 Cal. 598; People v. Anderson, 26 Cal. 129; Keppler v. Elser, 23 Ill. App. 643; Campbell v. Carr, 6 U. C. Q. B. O. S. 482; 3 Wigmore Ev. 2804, 2807; 21 Cyc. 1630 and cases cited; Perry v. Lovejoy, 49 Mich. 529, 14 N. W. 485; Abbott, Trial Ev. 631 and authorities cited; Snowman v. Mason, 99 Me. 490, 59 Atl. 1019; Stark v. Johnson, 43 Colo. 243, 16 L.R.A.(N.S.) 674, 127 Am. St. Rep. 114, 95 Pac. 930; 15 Ann. Cas. 868.

The court's instruction to the jury that they might take into consideration the testimony of defendant that a criminal charge was still pending against him, in determining the weight to be given to his evidence, was erroneous, and to the prejudice of the defendant. People v. Elster, 2 Cal. Unrep. 315, 3 Pac. 884; Marx v. Hilsendegen, 46 Mich. 336, 9 N. W. 439; People v. Wolcott, 51 Mich. 612, 17 N. W. 78; Kober v. Miller, 38 Hun, 184; Van Bokkelen v. Berdell, 130 N. Y. 141, 29 N. E. 254; Sullivan v. Newman, 63 Hun, 625, 43 N. Y. S. R. 893, 17 N. Y. Supp. 424; V. Loewers Gambrinus Brewery Co. v. Bachman, 45 N. Y. S. R. 48, 18 N. Y. Supp. 138; People v. Carolan, 71 Cal. 195, 12 Pac. 52; Smith v. State, 79 Ala. 21; Bates v. State, 60 Ark. 450, 30 S. W. 890; People v. Hamblin, 68 Cal. 101, 8 Pac. 687; People v. Crapo, 76 N. Y. 288, 32 Am. Rep. 302; People v. Noelke, 94 N. Y. 144, 46 Am. Rep. 128; People v. Irving, 95 N. Y. 541; State v. Kent (State v. Pancoast), 5 N. D. 557, 35 L.R.A. 518, 67 N. W. 1052; 2 Wigmore, Ev. p. 1110; People v. Silva, 121 Cal. 668, 54 Pac. 146; People v. Warren, 134 Cal. 202, 66 Pac. 212; State v. Nussenholtz, 76 Conn. 92, 55 Atl. 589; Germinder v. Machinery Mut. Ins. Asso. 120 Iowa, 614, 94 N. W. 1108; Ashcraft v. Com. 22 Ky. L. Rep. 1542, 60 S. W. 931; Howard v. Com. 110 Ky. 356, 61 S. W. 756, 13 Am. Crim. Rep. 533; Johnson v. Com. 22 Ky. L. Rep. 1885, 61 S. W. 1005; Com. v. Welch, 111 Ky. 530, 63 S. W. 984; Ashcraft v. Com. 24 Ky. L. Rep. 488, 68 S. W. 847; Lange v. Wiegand, 125 Mich. 647, 85 N. W. 109; State v. Renswick, 85 Minn. 19, 88 N. W. 22; Lipe v. Eisenlerd, 32 N. Y. 238; McKesson v. Sherman, 51 Wis. 303, 8 N. W. 200; Greenl. Ev. 16th ed. 461b, 461c, pp. 579, 580; Slater v. United States, 1 Okla. Crim. Rep. 275, 98 Pac. 112; State v. Sanderson, 83 Vt. 351, 75 Atl. 961; Starling v. State, 89 Miss. 328, 42 So. 798; State v. Stewart, 6 Penn. (Del.) 435, 67 Atl. 786; Missouri K. & T. R. Co. v. Creason, 101 Tex. 335, 107 S. W. 527; Musgraves v. State, 3 Okla. Crim. Rep. 421, 106 Pac. 544; Nelson v. State, 3 Okla. Crim. Rep. 468, 106 Pac. 647; Dotterer v. State, 172 Ind. 357, 30 L.R.A.(N.S.) 846, 88 N. E. 689; Keys v. United States, 2 Okla. Crim. Rep. 647, 103 Pac. 874; Smith v. United States, 161 U. S. 85, 40 L. ed. 626, 16 Sup. Ct. Rep. 483; People v. Elster, 2 Cal. Unrep. 315, 3 Pac. 884; Langhorne v. Com. 76 Va. 1012; State v. Ripley, 32

Wash. 182, 72 Pac. 1036; Watson v. State, 155 Ala. 9, 46 So. 232; Landy v. Moritz, 33 Ky. L. Rep. 223, 109 S. W. 897; State v. Nyhus, 19 N. D. 326, 27 L.R.A.(N.S.) 487, 124 N. W. 71; Roop v. State, 58 N. J. L. 479, 34 Atl. 749; Carr v. State, 43 Ark. 99, 5 Am. Crim. Rep. 438; Anderson v. State, 34 Ark. 257; Stanley v. Ætna Ins. Co. 70 Ark. 107, 66 S. W. 432; Re James, 124 Cal. 653, 57 Pac. 578, 1008; State v. Burton, 2 Marv. (Del.) 446, 43 Atl. 254; Bonaparte v. Thayer, 95 Md. 548, 52 Atl. 496; State v. Huff, 11 Nev. 17; State v. Fournier, 108 Minn. 402, 122 N. W. 329; Kolb v. Union R. Co. 23 R. I. 72, 54 L.R.A. 646, 91 Am. St. Rep. 614, 49 Atl. 392; State v. Thompson, 127 Iowa, 440, 103 N. W. 377; Dungan v. State, 135 Wis. 151, 115 N. W. 350; People v. Derbert, 138 Cal. 467, 71 Pac. 564.

Where plaintiff's wife had sexual intercourse with defendant voluntarily, and thereafter plaintiff, with full knowledge of such facts, continued to live and cohabit with his wife, such fact should be submitted to the jury, under instructions by the court, as in mitigation of damages; and it was error to refuse same. Smith v. Hockenberry, 146 Mich. 7, 117 Am. St. Rep. 615, 109 N. W. 23, 10 Ann. Cas. 60.

The court should have given the requested instruction to the effect that no man can take advantage of his own wrong, and that if the jury found from the evidence that the plaintiff connived at the sexual intercourse between his wife and defendant, no recovery could be had. Rea v. Tucker, 51 Ill. 110, 99 Am. Dec. 539; Smith v. Meyers, 52 Neb. 70, 71 N. W. 1006; Lee v. Hammond, 114 Wis. 550, 90 N. W. 1073; Morning v. Long, 109 Iowa, 288, 80 N. W. 390; Hoggins v. Coad, 58 Ill. App. 58.

*Christianson & Weber,* for respondent.

Assignments of error are waived by failure to present and discuss them in the brief. They will be held as abandoned. Rule 14, supreme court rules; Pendroy v. Great Northern R. Co. 17 N. D. 434, 117 N. W. 531; Nokken v. Avery Mfg. Co. 11 N. D. 404, 92 N. W. 487; Foster County Implement Co. v. Smith, 17 N. D. 178, 115 N. W. 663; Ulmer v. McDonnell, 11 N. D. 391, 92 N. W. 482; Kelly v. Pierce, 16 N. D. 235, 12 L.R.A.(N.S.) 180, 112 N. W. 995.

Errors should not only be clearly specified, but it should be shown

in the brief why the rulings of which complaint is made are erroneous. 2 Cyc. 1016.

The marriage and its validity can only be put in issue by special plea. It is not raised by general denial. 5 Enc. Pl. & Pr. 619; 21 Cyc. 1630.

A presumption, unless declared by law to be conclusive, may be controverted by other evidence, direct or indirect; unless so controverted, the jury are bound to find according to the presumption. Rev. Codes 1905, §§ 7315, 7317.

The fact of the marriage may be proved by the testimony of the contracting parties. State v. Rood, 12 Vt. 396; Jacobsen v. Siddal, 12 Or. 280, 53 Am. Rep. 360, 7 Pac. 108; Bailey v. State, 36 Neb. 808, 55 N. W. 241; Com. v. Dill, 156 Mass. 226, 30 N. E. 1016; Com. v. Hayden, 163 Mass. 453, 28 L.R.A. 318, 47 Am. St. Rep. 468, 40 N. E. 846, 9 Am. Crim. Rep. 408; State v. Nadal, 69 Iowa, 478, 29 N. W. 453; Smith v. Fuller, 138 Iowa, 91, 16 L.R.A.(N.S.) 91, 115 N. W. 912.

The court submitted a written charge. No exceptions or objections to any portion thereof were taken as by law provided. Counsel cannot afterwards urge objections. Rev. Codes 1905, § 7021.

All presumptions are in favor of the regularity of the trial and of all proceedings. State v. Wright, 20 N. D. 216, 126 N. W. 1023, Ann. Cas. 1912C, 795; 3 Cyc. 305; Vail v. Reynolds, 42 Hun, 647.

The court's instructions could not have prejudiced the defendant, as there was in reality no conflict as to the material facts. Cochran v. State, 113 Ga. 726, 39 S. E. 333; Chicago City R. Co. v. Olis, 192 Ill. 514, 61 N. E. 460.

Plaintiff's consent and connivance must be specially pleaded in defense to an action by him to recover damages for criminal conversation with his wife, before it can be claimed to bar the action. Morning v. Long, 109 Iowa, 288, 80 N. W. 390.

All matters in mitigation of damages must be specially pleaded. Vierling v. Binder, 113 Iowa, 337, 85 N. W. 622.

Where the verdict is not excessive, or even claimed to be so, errors in instructions on the measure of damages are harmless. Jones v. Monson, 137 Wis. 478, 129 Am. St. Rep. 1082, 119 N. W. 179; Se-

curity Sav. Bank v. Smith, 144 Iowa, 203, 122 N. W. 825; Pico v. Stevens, 18 Cal. 376; Davis v. Reamer, 105 Ind. 318, 4 N. E. 857; Wells v. Houston, 29 Tex. Civ. App. 619, 69 S. W. 183; Cartier v. Douville, 98 Mich. 22, 56 N. W. 1045; Flanagan v. Baltimore & O. R. Co. 83 Iowa, 639, 50 N. W. 60; Ball v. Gussenhoven, 29 Mont. 321, 74 Pac. 871; Chicago, W. & V. Coal Co. v. Moran, 210 Ill. 9, 71 N. E. 38; Durfee v. Newkirk, 83 Mich. 522, 47 N. W. 351.

Where defendant failed to appear on his own motion for a new trial, he will be deemed·to have abandoned the same.    Monroe v. Lippman Bros. 115 Ga. 164, 41 S. E. 717; Calumet Furniture Co. v. Reinhold, 51 Ill. App. 323; Boggs v. Clark, 37 Cal. 236; Moore v. Kendall, 121 Cal. 145, 53 Pac. 647; Dorcy v. Brodis, 153 Cal. 673, 96 Pac. 278.

The court was not compelled to search the record, and proceed to a hearing on the motion for a new trial, upon failure of the moving party to appear.    29 Cyc. 1008, 1013.

Defects in pleadings or proceedings, not affecting the substantial rights of the parties, shall be disregarded. Rev. Codes 1905, § 6886; State v. Albertson, 20 N. D. 513, 128 N. W. 1122; State v. Staber, 20 N. D. 545, 129 N. W. 104; State v. Winbauer, 21 N. D. 70, 128 N. W. 679, Ann. Cas. 1913B, 564.

FISK, J.    This is an action to recover damages for criminal conversation.    The complaint is in the usual form, alleging that one Marie Vollmor is, and at all times mentioned in the complaint was, the wife of the plaintiff, and that in the month of April, 1911, and at divers and sundry times since the 26th day of April, 1911, while plaintiff was living and cohabiting with and supporting his said wife, the defendant, wrongfully contriving and intending to injure the plaintiff, and to deprive him of the comfort, society, aid, assistance, and affection of his wife, did stealthily visit plaintiff's home in plaintiff's absence, and wilfully and maliciously debauch and carnally know the said Marie Vollmer without the privity or consent of plaintiff.    That by means of plaintiff's said unlawful acts the affection which the said Marie Vollmer thus had for plaintiff was alienated, and plaintiff was deprived of the comfort, society, aid, and assistance which he other-

wise would have had from his said wife, and plaintiff has suffered great distress of body and mind, and that the shame, disgrace, and humiliation heaped upon plaintiff and his family because of the foregoing unlawful and wrongful acts of defendant, plaintiff has been damaged in the sum of $5,000, and he prays for judgment accordingly.

The answer consists of a general denial.

The issues were tried to a jury in McHenry county in April, 1912, and the trial resulted in a verdict in plaintiff's favor for the sum of $1,000. Judgment was entered accordingly on April 4, 1912. Thereafter a statement of the case was duly settled and a motion for a new trial was made and denied on October 5, 1912.

Defendant appeals, both from the judgment and from the order denying his motion for a new trial, assigning numerous alleged errors upon which he asks this court to review the judgment and order appealed from.

We shall notice only such assignments as are discussed in appellant's printed brief.

Appellant's first contention is that the evidence entirely fails to show that Marie Vollmer, at the time of the acts complained of, was the wife of the plaintiff, and that there is no evidence that they were ever legally married. Counsel for appellant states his contention as follows: "It is the contention of appellant, in an action of criminal conversation, that the marriage between the plaintiff and his wife must be proved by direct evidence, not by circumstantial evidence, and an actual marriage must be proven, and not a marriage by cohabitation and reputation." And in support thereof he cites numerous authorities. We have examined these authorities, and they no doubt support appellant's contention under the common-law rule that marriage must be proved by direct evidence, in other words, an *actual marriage* must be proved, and that merely proof of cohabitation, reputation, or other circumstances from which it may be inferred only, do not amount to evidence of an actual marriage. But we think counsel's assumption that the proof in the case at bar does not constitute direct evidence of an actual marriage is unwarranted. Both plaintiff and his wife testified to the fact of their marriage.

Plaintiff testified as follows:

Q. What relation is Marie Vollmer to you, married?

A. She is my wife.

Q. How long have you been married to her?

A. Nine years.

Q. And during the time that you and Marie Vollmer have been married you have been living on your farm previously described, have you?

A. Yes, sir.

And the witness, Marie Vollmer, testified as follows:

I am acquainted with Fred W. Vollmer, the man who testified a little while ago.

Q. What relationship exists between you and him, if any?

A. He is my husband.

Q. When and where were you married?

A. In Minnesota.

Q. About how long ago?

A. About nine years ago.

Q. And since that time you have been living together as husband and wife have you?

A. Yes, sir.

In addition to this the defendant and his wife both went on the stand, and testified to the fact that plaintiff and his wife and their children had been living as their neighbors for the past nine years.

By the great weight of authority such testimony was competent and amply sufficient to prove the fact of the marriage of plaintiff to Marie Vollmer. State v. Rood, 12 Vt. 396; Jacobsen v. Siddal, 12 Or. 280, 53 Am. Rep. 360, 7 Pac. 108; Bailey v. State, 36 Neb. 808, 55 N. W. 241; Com. v. Dill, 156 Mass. 226, 30 N. E. 1016; State v. Nadal, 69 Iowa, 478, 29 N. W. 451; Hutchins v. Kimmell, 31 Mich. 126, 18 Am. Rep. 164; Kilburn v. Mullen, 22 Iowa, 498; State v. Williams, 20 Iowa, 98; State v. Wilson, 22 Iowa, 364; Bissell v. Bissell, 55 Barb. 325.

In Jacobsen v. Siddal, 12 Or. 280, 53 Am. Rep. 360, 7 Pac. 108,

which was an action for criminal conversation, it was said: "The basis of the plaintiff's right to recover arises out of the alleged relation of husband and wife, and the fact of marriage must be proved by direct evidence. By the bill of exceptions it appears that after the plaintiff and his wife had testified directly to the fact of marriage, a certificate of the same was offered in evidence, to which several objections were made and sustained. Whether the objections were well taken or not is immaterial, as the plaintiff was competent to testify to the marriage. The contract of marriage, or its solemnization before a minister or magistrate, may be proved by the testimony of an eyewitness, and for this purpose a party is competent. . . . It is not perceived why all persons having knowledge of the facts, and especially those ordinarily most conversant with them, the parties themselves, should not be permitted to testify."

In Bailey v. State, the Nebraska court, among other things, said: "It is claimed that in cases like that at bar there must be direct evidence of the marriage. This may be true, but Mrs. Bailey's testimony is direct evidence of the fact. The rule, when examined in the light of the authorities, only forbids in such cases the establishing of a marriage by proof of cohabitation, reputation, and holding out."

In Com. v. Dill, 156 Mass. 226, 30 N. E. 1016, Mr. Justice Holmes, of the supreme judicial court of Massachusetts, in answering the contention that the record of the marriage should be produced, said: "It is true that the record by statute is presumptive evidence of the marriage (Pub. Stat. Chap. 145, § 29), but the record of a marriage is not like the record of a divorce, or other judgment or decree. It is a mere memorandum or declaration of the fact which effected the result, not itself the fact, nor that which has been constituted the only evidence of the fact. Sec. 31. There is no reason why the oath of the person who did the act should be deemed inferior evidence to a written statement by him or another,"—citing Com. v. Norcross, 9 Mass. 492; Com. v. Waterman, 122 Mass. 43, 59; Com. v. Stevenson, 142 Mass. 466, 468, 8 N. E. 341; State v. Marvin, 35 N. H. 22.

We might also add that under subdivision 30 of § 7317, Rev. Codes 1905, the fact that plaintiff and Marie Vollmer entered into a lawful contract of marriage is presumed under the facts disclosed.

In so far as we are aware, there is no exception to the application of such statutory presumption to cases of the character of the one now before us.

Respondent's counsel, in this connection, calls our attention to the common-law rule to the effect that under the general issue the fact of marriage is not put in issue, and that a special plea is required to put the same in issue. 5 Enc. Pl. & Pr. 619; 21 Cyc. 1630. But whether this rule should apply to general denials under the code system we need not here determine. A marked distinction in some respects is recognized in the authorities between the general issue at common law and the general denial under the codes.

For the above reasons, appellant's first contention must be overruled.

It is next contended that the trial court erred in giving certain instructions to the jury, and in refusing to give certain instructions requested by appellant.

The instruction most vigorously criticized is as follows: "And you may take into consideration the testimony of the defendant that a criminal charge is still pending against him, to determine what weight and credence you will give to his testimony." Standing alone, such instruction might be deemed sufficiently prejudicial to warrant a reversal; but when considered, as it must be, in the light of the whole charge, and also in the light of the facts as disclosed by the record, that the sole issue submitted to the jury was that of plaintiff's damages, we are unable to perceive how it could have been in the least prejudicial. The record discloses no conflict upon the vital issues in the case. That defendant had carnal knowledge with plaintiff's wife on many occasions was expressly admitted by him under oath, and the fact that plaintiff and Marie Vollmer were married was, as we have observed, established by the testimony of both the plaintiff and his said wife. Not only was it true that the sole question for determination by the jury was that of the assessment of damages, but the record before us affirmatively discloses that defendant's attorney, during his argument to the jury, expressly stated to them: "I believe that the court will instruct you that in this case, you must return a verdict for the plaintiff for something, and that the only question for you to determine is how much you will allow, and I believe *that is a correct instruction;*

I believe that that is the law." · By such statement, manifestly, defendant is now foreclosed from predicating error upon any ruling, or upon the giving or refusal to give any instructions not pertaining to the assessment of damages. It would be a reproach upon the law if counsel were permitted to reverse his position thus taken at the trial, and now be heard to allege error as to rulings and instructions in no way pertaining to the assessment of damages.

Moreover, it is entirely manifest that the damages awarded by the jury were reasonable and far from excessive, and a new trial would avail defendant nothing. He had a fair trial, wherein his counsel conceded plaintiff's right to recover damages, and there is no pretense on this appeal that the damages awarded were excessive.

Appellant says that "closely allied to the erroneous instruction above set out is the statement of the court in the presence of the jury as follows: 'Let the record show that on the 12th day of March Mr. Funke represented the defendant in a criminal action growing out of the same transaction.'" Counsel for appellant complains of this statement, and contends that it constituted prejudicial error. We see no merit in such contention. The record discloses that this remark was made by the court before the jury was impaneled, and was not addressed to the jury but merely made in connection with his ruling forcing defendant to trial. Defendant's attorney had moved for a continuance of the case, and the entire statement of the court was as follows: "Let the record show that on the 12th day of March Mr. Funke represented the defendant in a criminal action growing out of the same transaction, and it was agreed between the defendant and the state then and there that the case would be heard on the 21st day of March, and that prior to the 21st of March counsel for the defendant in this case stated to the court that Mr. Funke was discharged, and that he was the counsel in that case, and that on the 11th day of March this case was set for trial for the 30th of March, and due notice given to the defendant and his counsel, and therefore the motion is overruled." Such statement was neither prejudicial, nor even improper.

We have examined the other instructions complained of, and discover nothing therein erroneous or prejudicial to the defendant.

Appellant assigns error upon the refusal to give the following in-

struction requested by him: "If you find from the evidence in this case that the plaintiff's wife did have sexual intercourse with the defendant voluntarily, and thereafter the said plaintiff, with full knowledge of such voluntary sexual intercourse, has continued and does continue to live and cohabit with his said wife, then I charge you that you may take such fact into consideration in mitigation of such damages." When the charge is considered in its entirety we do not think the refusal to give the above instruction, although perhaps abstractly correct, was prejudicial error. The charge in some respects was more favorable to the defendant than he was entitled, for, among other things, the jury was instructed as follows:

"There has been no evidence introduced to show that the affections of Marie Vollmer have been alienated from the plaintiff, nor that the plaintiff has been deprived of the assistance of his wife, nor her aid or society, and therefore these are grounds of damage which have not been proven." We think, in any event, the giving of this instruction cured any error in the refusal to give the one asked as above, for the court, in effect, eliminated from the consideration of the jury, as not proven, the facts chiefly alleged as tending to enhance plaintiff's damages, and by so doing left no occasion or necessity for a charge as to mitigating facts and circumstances.

Complaint is also made of the ruling refusing to give the following instruction: "It is a rule of law laid down in the statutes of this state that no man can take advantage of his own wrong, and if you can find from the evidence in this case that the plaintiff connived at the sexual intercourse between defendant and his wife, then I charge you that the plaintiff cannot recover, and your verdict must be for the defendant."

Several sufficient answers may be made to this contention. 1st. Counsel's statement to the jury to the effect that the sole question for the jury's consideration was that of the extent of plaintiff's damage, we think precludes defendant from now urging such alleged error. 2d. The giving of the requested instruction was unwarranted, for there is no basis in the evidence therefor. 3d. Such requested instruction was substantially covered in the charge as given, and this

is all that was, in any event, necessary. Smith v. Myers, 52 Neb. 70, 71 N. W. 1006.

Two other requests for instructions were refused, and error assigned on such rulings, but we deem extended notice thereof unnecessary. In each instance the instructions requested were substantially covered in the charge as given, and we find no prejudicial error in the rulings complained of.

In conclusion, we desire merely to say that the record, as a whole, discloses that defendant was accorded a fair trial, and has no just cause for complaint. The damages awarded are small considering the magnitude of the wrong concededly perpetrated upon plaintiff's marital rights by this defendant according to his own brazen admissions in court. It is not contended that the verdict is excessive, or that the jury was influenced by passion or prejudice in deciding the case. A motion for a new trial was made and denied in the trial court, and an appeal taken from such order, but appellant has not seen fit to assign such ruling as error, and we are firmly convinced that such ruling was proper, and that the judgment is a righteous one and ought not to be disturbed.

Affirmed.